**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SAMUEL COBAYASHI,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **AMAZON.COM, INC., AMAZON** | § | |
| **LOGISTICS, INC., K.O. DELIVERY** | § | **Case No. 1:22-cv-595** |
| **& LOGISTICS LLC, MERCEDES-BENZ** | § | |
| **USA, LLC, DAIMLER VANS USA, LLC,** | § | |
| **MERCEDES BENZ GROUP AG,** | § | |
| **and GELCO FLEET TRUST** | § | |
| **Defendants.** | § | |

---

**DEFENDANTS AMAZON.COM, INC., AMAZON LOGISTICS, INC., MERCEDES-BENZ USA, LLC, and DAIMLER VANS USA, LLC'S
NOTICE OF REMOVAL**

---

Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC.** (collectively referred to as "Amazon"), **MERCEDES-BENZ USA, LLC,** and **DAIMLER VANS USA, LLC** (collectively sometimes referred to as "Defendant Movants") remove this civil action based on diversity jurisdiction. All properly joined defendants are diverse in citizenship from Plaintiff and this notice is filed within 30 days of receiving a "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**PROCEDURAL BACKGROUND**

1.     Plaintiff SAMUEL COBAYASHI ("Plaintiff") filed this action on February 14, 2022, against AMAZON.COM, INC., AMAZON LOGISTICS, INC., K.O. DELIVERY & LOGISTICS LLC, MERCEDES-BENZ USA, LLC, DAIMLER VANS USA, LLC, MERCEDES BENZ GROUP AG, AND GELCO FLEET TRUST, in the 345th Judicial District Court of Travis County, Texas. That case was docketed under cause number D-1-GN-22-000784 (the "State Court Action").

2.      Amazon.com, Inc.; Amazon Logistics, Inc.; Mercedes-Benz USA, LLC; K.O. Delivery & Logistics, LLC; Daimler Vans USA, LLC and Gelco Fleet Trust have all been served.

3.      Mercedes-Benz Group AG is the only unserved defendant.

4.      Mercedes-Benz Group AG and Gelco Fleet Trust are the only defendants who have not appeared.

5.      K.O. Delivery & Logistics, LLC ("K.O. Delivery") filed its Plea to the Jurisdiction and Original Answer Subject Thereto on May 18, 2022. *See* K.O. Delivery's Plea and Answer, attached as Exhibit 1-N.

6.      Defendant Movants timely file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to remove the State Court Action from the 345th Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division.

## NATURE OF THE SUIT

7.      This personal injury lawsuit arises out of a motor vehicle accident that occurred on January 10, 2022. *See* Plaintiff's Third Amended Pet. at ¶ 12, attached as Exhibit 1-I. Plaintiff, Samuel Cobayashi, alleges that he was working as a package delivery driver, and as Plaintiff was delivering packages in a suburb of Austin, Texas, he suffered serious bodily injury when a Mercedes-Benz Sprinter van that he was using rolled over his foot. *See id.* Plaintiff alleges that this injury occurred "within and during" the scope of his employment with K.O. Delivery. *See id.* at ¶ 34.

8.      Plaintiff has filed claims against multiple defendants for negligence and gross negligence, and he has also asserted products liability claims under a strict liability theory. *See generally id.* at Section V.

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

9.      This matter is removable to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3) based on diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

*Amount in Controversy*

10.     Pursuant to 28 U.S.C. § 1446(c)(2), if removal is sought based on diversity jurisdiction under 28 U.S.C. § 1332, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." In his Petition, Plaintiff "pleads for monetary relief over $1,000,000.00." *See* Ex. 1-I at ¶ 50. The amount in controversy thus far exceeds the $75,000 jurisdictional minimum of this Court.

*Diversity of Citizenship*

11.     There is complete diversity between Plaintiff and all properly joined Defendants in this action.

12.     At the time the State Court Action was commenced, Plaintiff was and still is a resident and citizen of Texas. *See id.* at ¶ 2.

13.     Defendant Amazon.com, Inc. is a corporation incorporated in Delaware with its principal place of business in Washington, thereby making Amazon.com, Inc. a citizen of Delaware and Washington for diversity purposes.

14.     Defendant Amazon Logistics, Inc. is a corporation incorporated in Delaware with its principal place of business in Washington, thereby also making Amazon Logistics, Inc. a citizen of Delaware and Washington for diversity purposes.

15.     Defendant Mercedes-Benz USA, LLC is a Delaware limited liability company whose sole member is Daimler North America Corp, a Delaware corporation with its principal place of business in Michigan. Mercedes-Benz USA, LLC is therefore a citizen of Delaware and Michigan for diversity purposes. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.").

16.     Defendant Daimler Vans USA, LLC is a Delaware limited liability company whose sole member is Mercedes-Benz USA, LLC, a Delaware corporation with its principal place of business in

Michigan. Daimler Vans USA, LLC is therefore a citizen of Delaware and Michigan for diversity purposes.

17.     Defendant Mercedes-Benz Group AG is a German corporation with its principal place of business in Germany. It is therefore a citizen of Germany under 28 U.S.C. § 1332.

18.     Defendant K.O. Delivery is a citizen of Texas. Gelco Fleet Trust is a Foreign Business Trust organized in Delaware with its principal place of business in Maryland. However, both K.O. Delivery and Gelco Fleet Trust have been improperly joined and for this reason, their citizenship should not be considered in determining whether this Court has jurisdiction under 28 U.S.C. § 1332. The citizenship of improperly joined defendants must be disregarded for the purpose of analyzing whether diversity jurisdiction exists. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 817 (5th Cir. 1993) ("[T]he Louisiana corporations were improperly joined, so their citizenship is to be disregarded for purposes of determining jurisdiction."); *Burden v. Gen Dynamics Corp.*, 60 F.3d 213, 217–18 (5th Cir. 1995).

19.     Therefore, there is complete diversity between Plaintiff and all properly joined Defendants.

### *K.O. Delivery and Gelco Fleet Trust have been improperly joined*

20.     A party is improperly joined when there is no reasonable basis for predicting that the plaintiff will be able to establish liability against the party in state court on the pleaded claims. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citing *Travis v. Irby*, 326 F.3d 644, 646–48 (5th Cir. 2003)). A mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder. *Travis*, 326 F.3d at 647; *see also Smallwood*, 385 F.3d at 571.

21.     As to K.O. Delivery, there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against it. Plaintiff's personal injury claims, whether couched as negligence, gross negligence, or strict liability, are barred because Plaintiff collected workers' compensation benefits from K.O. Delivery. *See* Ex. 1-N; *see also* Plaintiff's Resp. to Amazon.com, Inc.'s 1ˢᵗ Interrogatories, attached as Exhibit 2, at Rog 5 ("Plaintiff currently receives approximately

$400 per week in workers' compensation benefits.").[1] Thus, Plaintiff cannot pursue a claim against K.O. Delivery, pursuant to the Texas Labor Code and the common law doctrine of election of remedies. *See* Tex. Lab. Code Ann § 408.001 ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . ."); *City of Bellaire v. Johnson*, 400 S.W.3d 922, 923 (Tex. 2013) ("[T]he employee is covered as a matter of law, and any dispute by the carrier over whether it agreed to provide such coverage under the policy's terms is with the employer.").

22.     As to Gelco Fleet Trust, there is a complete lack of specificity giving rise to any cognizable claim or theory of recovery against it under Texas law. *See* Ex. 1-I at ¶¶ 12, 13, 17 and generally Section V(B). Although the Petition alleges that Plaintiff worked as a delivery driver for the Amazon entities and K.O. Delivery and that he was driving a Mercedes Benz van at the time of the alleged injury, *see id.* at ¶ 12, the Petition is silent as to Gelco's role in this case. Instead, Plaintiff simply lists multiple defendants throughout the course of the complaint, adding "and/or Gelco Fleet Trust" in the alternative. Additionally, Gelco Fleet Trust did not design, manufacture, or sell the Sprinter van in this case, and Defendant Movants are aware of no evidence that Gelco Fleet Trust employed Plaintiff.[2] Without more, Plaintiff fails to state a claim upon which relief can be granted as to Gelco Fleet Trust, and it is therefore improperly joined in this suit. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (holding that improper joinder exists where the plaintiff cannot survive a Rule 12(b)(6) challenge).

---

[1] This Circuit permits courts to "pierce the pleadings and conduct a limited summary inquiry" where a plaintiff has omitted discrete facts that would preclude his recovery against the improperly joined defendant. *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 812–13 (5th Cir. 2021).

[2] Rather, Plaintiff provided an employment history in Plaintiff's Response to Amazon.com, Inc.'s First Interrogatories that did not mention Gelco Fleet Trust. *See* Ex. 2.

*Removal is timely*

23.     This Notice of Removal is timely as it comes fewer than "thirty days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see also Jernigan*, 989 F.2d at 817 (holding that a defendant has 30 days from the date the fraudulent joinder could first be ascertained in which to file a notice of removal). Defendant Movants were served with K.O. Delivery's Plea to the Jurisdiction and Original Answer Subject Thereto on May 18, 2022. *See* Ex. 1-N. K.O. Delivery's Plea, for the first time, confirmed that Plaintiff was employed by K.O. Delivery, that the injury occurred within the course and scope of employment with K.O. Delivery, and that Plaintiff's claims were barred by virtue of the Texas Labor Code and the common law doctrine of election of remedies due to Plaintiff's recovery of workers' compensation benefits from K.O. Delivery.

## CONSENT

24.     All properly joined and served co-defendants in this action have consented to this removal, as evidenced by the signature block below, and there is no need to obtain the consent of improperly joined or served defendants. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring consent only of "defendants who have been properly joined and served"); *Jernigan*, 989 F.2d at 815 (requiring consent of improperly joined parties would be nonsensical).

## REMOVAL IS PROCEDURALLY CORRECT

25.     Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

26.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached herein to the Index of Matters Filed as Exhibit 1 A-P.

27.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of Defendants' Notice of Removal was promptly given to all parties and to the clerk of the 345th Judicial District Court of Travis County, Texas.

### PRAYER

28.    Defendant Movants respectfully request that the State Court Action be removed and placed on this Court's docket for further proceedings. Defendant Movants also request any additional relief for which they may show themselves justly entitled.

Respectfully submitted,

**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
1506 S. Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800 – Phone
(956) 928-9564 – Fax

*/s/ Sofia A. Ramón*
**SOFIA A. RAMÓN**
Fed. ID No. 20871/TSB No. 00784811
sramon@ramonworthington.com
efile@ramonworthington.com
**Attorney in Charge for Defendants Amazon.com, Inc. and Amazon Logistics, Inc.**

**OF COUNSEL:**
**SARAH A. NICOLAS**
Fed. ID No. 32122/TSB No. 24013543
snicolas@ramonworthington.com
**STEPHEN W. BOSKY**
Fed. ID No. 3076205/TSB No. 24087190
sbosky@ramonworthington.com
**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
13413 Galleria Circle, Suite 120
Bee Cave, Texas 78738
(512) 643-6005 – Phone
**Counsel for Defendants Amazon.com, Inc. and Amazon Logistics, Inc.**

**NELSON MULLINS**
**RILEY & SCARBOROUGH LLP**
5830 GRANITE PARKWAY, SUITE 1000
PLANO, TX 75024
TELEPHONE:    972.616.1700
FACSIMILE:    972.616.1701

_/s/ Kurt C. Kern_
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@nelsonmullins.com
**Attorney in Charge for Defendants**
**Mercedes-Benz USA, LLC and**
**Daimler Vans USA, LLC**

**OF COUNSEL:**

**TANYA B. SCARBROUGH**
State Bar No. 24049268
tanya.scarbrough@ nelsonmullins.com
**NELSON MULLINS**
**RILEY & SCARBOROUGH LLP**
5830 Granite Parkway, Suite 1000
Plano, TX 75024
Telephone:    972.616.1700
Facsimile:    972.616.1701

**RYAN S. JONES**
**State Bar No. 24094343**
ryan.jones@squirepb.com
**SQUIRE PATTON BOGGS (us) LLP**
2000 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550

**Counsel for Defendants**
**Mercedes-Benz USA, LLC and**
**Daimler Vans USA, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2022, a true and correct copy of the foregoing document was served via e-service to the following:

Benedict "Ben" James
Benedict.James@sj-lawfirm.com
Eric A. Wolfe
Eric.Wolfe@sj-lawfirm.com
Esteban Sandoval
Esteban.Sandoval@sj-lawfirm.com
**SANDOVAL | JAMES, PLLC**
4807 Spicewood Spring Road,
Bldg 2, Suite 100
Austin, Texas 78759
(512) 382-7707 – Phone
(512) 382-6646 – Fax
**ATTORNEYS FOR PLAINTIFF**

**David E. Chamberlain**
**dchamberlain@chmc-law.com**
**Sean B. Swords**
**sswords@chmc-law.com**
**CHAMBERLAIN ♦ MCHANEY**
301 Congress, 21st Floor
Austin, Texas 78701
(512) 474-9124– Phone
(512) 474-8582– Fax
**ATTORNEYS FOR DEFENDANT**
**K.O. DELIVERY & LOGISTICS LLC**

*/s/ Sofía A. Ramón*
Sofía A. Ramón