# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SAMUEL COBAYASHI,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **AMAZON.COM, INC., AMAZON** | § | |
| **LOGISTICS, INC., K.O. DELIVERY** | § | **Case No. 1:22-cv-595** |
| **& LOGISTICS LLC, MERCEDES-BENZ** | § | |
| **USA, LLC, DAIMLER VANS USA, LLC,** | § | |
| **MERCEDES BENZ GROUP AG,** | § | |
| **and GELCO FLEET TRUST** | § | |
| **Defendants.** | § | |

---

**INDEX OF MATTERS BEING FILED
AND LIST OF ALL COUNSEL OF RECORD**

---

Defendants Amazon.com, Inc., Amazon Logistics, Inc., Mercedes-Benz USA, LLC, and Daimler Vans USA, LLC ("Defendants") submit this Index of Matters Being Filed and List of All Counsel of Record. The following items are being filed by Defendants:

1.   Index of Matters Being Filed and List of All Counsel of Record;

2.   Copies of all executed process, pleadings asserting causes of action, and all orders signed by the state judge as follows:

   A.   Plaintiff's Original Petition, filed February 14, 2022 (attached as Exhibit 1-A);

   B.   Service to Defendant Amazon.com, Inc. on February 17, 2022 (attached as Exhibit 1-B);

   C.   Service to Defendant Amazon Logistics, Inc. on February 17, 2022 (attached as Exhibit 1-C);

   D.   Service to Defendant Mercedes-Benz USA, LLC on February 18, 2022 (attached as Exhibit 1-D);

   E.   Service to Defendant K.O. Delivery & Logistics LLC on February 16, 2022 (attached as Exhibit 1-E);

   F.   Service to Defendant Daimler Vans USA, LLC on April 8, 2022 (attached as Exhibit 1-F);

G. Plaintiff's First Amended Petition, filed February 23, 2022 (attached as Exhibit 1-G);

H. Plaintiff's Second Amended Petition, filed March 22, 2022 (attached as Exhibit 1-H);

I. Plaintiff's Third Amended Petition, filed April 13, 2022 (attached as Exhibit 1-I);

J. Defendants Amazon.com, Inc. and Amazon Logistics, Inc.'s Original Answer to Plaintiff's First Amended Petition, filed on March 14, 2022 (attached as Exhibit 1-J);

K. Defendant Mercedes-Benz USA, LLC's Original Answer to Plaintiff's Original Petition, filed on March 28, 2022 (attached as Exhibit 1-K);

L. Defendant Daimler Vans USA, LLC's Original Answer to Plaintiff's Third Amended Petition, filed on May 2, 2022 (attached as Exhibit 1-L);

M. Defendant Mercedes-Benz USA, LLC's Original Answer to Plaintiff's Third Amended Petition, filed on May 9, 2022 (attached as Exhibit 1-M);

N. Defendant K.O. Delivery & Logistics LLC's Plea to the Jurisdiction and Original Answer Subject Thereto, filed on May 18, 2022 (attached as Exhibit 1-N);

O. Defendant K.O. Delivery & Logistics LLC's Amended Plea to the Jurisdiction and Original Answer Subject Thereto, filed on May 19, 2022 (attached as Exhibit 1-O);

3. A copy of the state court docket sheet (attached as Exhibit 1-P); and

4. A copy of the Supplement to JS 44 Civil Cover Sheet.

The parties' respective attorneys are as follows:

A. Attorneys for Plaintiff:

Benedict "Ben" James
Benedict.James@sj-lawfirm.com
Eric A. Wolfe
Eric.Wolfe@sj-lawfirm.com
Esteban Sandoval
Esteban.Sandoval@sj-lawfirm.com
**SANDOVAL | JAMES, PLLC**
4807 Spicewood Spring Road,
Bldg 2, Suite 100
Austin, Texas 78759
(512) 382-7707 – Phone
(512) 382-6646 – Fax

B.      Attorneys for Defendants:

Sofia A. Ramón
sramon@ramonworthington.com; efile@ramonworthington.com
**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
1506 S. Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800 – Phone
(956) 928-9564 – Fax

Of Counsel:
**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
Sarah A. Nicolas
snicolas@ramonworthington.com
Stephen W. Bosky
sbosky@ramonworthington.com
13413 Galleria Circle
Bldg. Q, Ste. 120
Bee Cave, TX 78738
(512) 643-6005 – Phone
(512) 597-9397 – Fax
*Attorneys for Defendant Amazon.com, Inc. and Amazon Logistics, Inc.*

Kurt C. Kern
kurt.kern@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
(972) 616-1700 – Phone
(972) 616-1701 – Fax

Of Counsel:
Tanya B. Scarbrough
tanya.scarbrough@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
(972) 616-1700 – Phone
(972) 616-1701 – Fax

**SQUIRE PATTON BOGGS (US) LLP**
Ryan S. Jones
ryan.jones@squirepb.com
2000 McKinney Avenue, Suite 1600
Dallas, Texas 75201
(214) 758-1500 – Phone
(214) 758-1550 – Fax
**Attorneys for Defendants Mercedes-Benz USA, LLC and Daimler Vans USA, LLC**

Dated: June 17, 2022.

# EXHIBIT 1-A

2/14/2022 10:06 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-000784
Ruben Tamez

D-1-GN-22-000784

CAUSE NO. _____

| | | |
|---|---|---|
| SAMUEL COBAYASHI, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | 345TH, DISTRICT COURT |
| VS. | § | |
| | § | _____ JUDICIAL DISTRICT |
| | § | |
| AMAZON.COM, INC., AMAZON | § | |
| LOGISTICS, INC., K.O. DELIVERY | § | |
| & LOGISTICS LLC AND | § | |
| MERCEDES-BENZ USA, LLC, | § | |
| *Defendants* | § | TRAVIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff, **SAMUEL COBAYASHI**, hereinafter referred to by name or as "Plaintiff," and complains of **AMAZON.COM, INC., AMAZON LOGISTICS, INC., K.O. DELIVERY & LOGISTICS LLC**, and **MERCEDES-BENZ USA, LLC** (hereinafter referred to by name or as "Defendants"), and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.     Plaintiff is an individual residing in Hays County, Texas.

3.     Defendant **AMAZON.COM, INC.** is a legal entity conducting business in the State of Texas, and may be served with process by and through its registered agent for service of process Corporation Service Company d/b/a CSC-Lawyers, Inc. at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4.      Defendant **AMAZON LOGISTICS, INC.** is a legal entity conducting business in the State of Texas, and may be served with process by and through its registered agent for service of process Corporation Service Company d/b/a CSC-Lawyers, Inc. at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.      Defendant **K.O. DELIVERY & LOGISTICS LLC** is a legal entity conducting business in the State of Texas, and may be served with process by and through its registered agent for service of process United States Corporation Agents, Inc. at 9900 Spectrum Dr. Austin, Texas 78717.

6.      Defendant **MERCEDES-BENZ USA, LLC** is a legal entity conducting business in the State of Texas, and may be served with process by and through its registered agent for service of process CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

### III.
### JURISDICTION & VENUE

7.      The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendants reside and/or do business in the State of Texas.  The court has jurisdiction over Defendants because they purposefully availed themselves of the privileges and benefits of conducting business in Texas and by committing a tort, which is the basis of this suit, in whole or in part in Texas.

8.      Venue in Travis County is proper in this cause under SECTION 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

**IV.**
**FACTS**

9.     On or about January 10, 2022, Plaintiff was working as a package delivery driver for Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC.,** and/or **K.O. DELIVERY & LOGISTICS LLC.** As Plaintiff was delivering packages in The Hills, Texas, a suburb of Austin, he suffered serious bodily injuries when the vehicle he was using, a Mercedes-Benz Sprinter van owned/operated by Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC.,** and/or **K.O. DELIVERY & LOGISTICS LLC,** rolled over his foot. The subject van was designed, manufactured, and distributed by Defendant **MERCEDES-BENZ USA, LLC.**

10.     More specifically, Plaintiff stopped the subject van and placed it in park in front of a residential customer's home to deliver a package. After placing the van in park, Plaintiff exited the van to complete the delivery. After Plaintiff exited the van, it began to roll away. While Plaintiff was attempting to bring the van to a stop, it rolled over his right foot resulting in serious injuries that ultimately necessitated the amputation of his foot.

11.     Plaintiff alleges that the negligence/gross negligence of Defendants, whether individually or collectively, proximately caused injuries and damages, as set forth below.

**V.**
**CAUSES OF ACTION AGAINST AMAZON.COM, INC., AMAZON LOGISTICS, INC. AND K.O. DELIVERY & LOGISTICS LLC**

**A.     NEGLIGENCE**

12.     The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff, were proximately caused by the negligent acts and omissions Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC.,** and/or **K.O. DELIVERY & LOGISTICS LLC.** Plaintiff would show that Defendants **AMAZON.COM,**

**INC., AMAZON LOGISTICS, INC.,** and/or **K.O. DELIVERY & LOGISTICS LLC** were negligent in causing and contributing to Plaintiff's injuries in one or more of the following respects:

    a.   Failing to provide a safe workplace;

    b.   Failing to provide proper supervision of its workers;

    c.   Failing to provide adequate personal protective equipment;

    d.   Failing to maintain a safe work environment;

    e.   Failing to provide adequate safety protection and equipment;

    f.   Failing to provide adequate training regarding the use of equipment, including the subject vehicle;

    g.   Failing to provide reasonably safe machinery or instrumentalities to its workers;

    h.   Failing to have the subject vehicle routinely serviced and failing to have routine maintenance performed on the subject vehicle;

    i.   Failing to report known dangers or conditions pertaining to the work environment and equipment;

    j.   Allowing a known dangerous and unsafe condition to exist;

    k.   Failing to cure the known dangerous and unsafe condition; and

    l.   Failing to warn Plaintiff of the known dangerous and unsafe condition created by Defendant's conscious disregard for the safety and well-being of Plaintiff and others similarly situated.

13.    The acts and/or omissions of Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC.,** and/or **K.O. DELIVERY & LOGISTICS LLC**, whether taken singularly or in any combination, constitute negligence and negligence per se, which proximately caused the subject incident and Plaintiff's injuries and other losses as specifically set forth herein. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence, and malice which proximately cause the

incident and injuries and the losses as specifically set forth herein, all of which Plaintiff suffered

and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural

life.

**B.    GROSS NEGLIGENCE**

14.    Defendants' conduct was more than momentary thoughtlessness or inadvertence.

Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and

magnitude of the potential harm to Plaintiff. Defendants had actual, subjective awareness of the

risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or

welfare of Plaintiff or others similarly situated.

**V.**
**CAUSES OF ACTION AGAINST**
**MERCEDES-BENZ USA, LLC**

15.    This is, in part, a product defect case with respect to the Mercedes-Benz Sprinter

van involved in the incident, which is hereinafter referred to as the "Subject Vehicle."

16.    Plaintiff contends that the Subject Vehicle, including its components and parts

were defectively designed, manufactured, assembled, marketed sold, and/or distributed by

**MERCEDES-BENZ USA, LLC** and that such defects rendered the Subject Vehicle

unreasonably dangerous for its intended purpose and were proximate and producing causes of

Plaintiff's injuries and damages.

17.    **MERCEDES-BENZ USA, LLC**, therefore, is strictly liable to Plaintiff under

applicable products liability law without regard to or proof of negligence or gross negligence,

although Plaintiff would also show that the Subject Vehicle was negligently designed,

manufactured, assembled, marketed and placed into the stream of commerce in a defective

condition and that such negligence and defects were producing and proximate causes of

Plaintiff's injuries and damages.

18.     **MERCEDES-BENZ USA, LLC** knew of the Subject Vehicle's defective components and parts.

19.     In conscious disregard of the consequences, **MERCEDES-BENZ USA, LLC** willfully and wantonly manufactured and sold the defective Subject Vehicle which caused Plaintiff's injuries and damages.

20.     The defective nature of the Subject Vehicle rendered it unreasonably dangerous and was a proximate and producing cause of Plaintiff's injuries and damages.

21.     Plaintiff's injuries and damages were proximately caused by the negligence of **MERCEDES-BENZ USA, LLC** in designing, manufacturing, assembling, testing and placing into the stream of commerce the Subject Vehicle.

22.     The negligence of **MERCEDES-BENZ USA, LLC** was a proximate cause of Plaintiff's injuries and damages.

## VII.
## DAMAGES

23.     As a direct and proximate result of the incident and the negligent/gross negligent conduct of the Defendants, Plaintiff suffered severe injuries and damages including injuries to his body. The injuries have had a serious effect on Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life.

24.     Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred. There is a reasonable probability that

Plaintiff will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

25.     As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

26.     As a further result of the nature and consequences of his injuries, Plaintiff suffered physical impairment and disfigurement and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

27.     Plaintiff seeks to recover the following damages as a result of the incident in question:

(a)     medical expenses incurred by Plaintiff for medical treatment in the past and, in reasonable medical probability, medical expenses that Plaintiff will incur in the future;

(b)     physical impairment and disability Plaintiff has suffered in the past and, in reasonable likelihood, Plaintiff will suffer in the future;

(c)     physical disfigurement Plaintiff has suffered in the past and, in all reasonable likelihood, Plaintiff will suffer in the future;

(d)     loss of wages incurred by Plaintiff in the past and, in reasonable likelihood, Plaintiff will incur in the future;

(e)     loss of past and future earning capacity;

(f)     pain and suffering Plaintiff has suffered in the past and, in reasonable likelihood, Plaintiff will suffer in the future;

(g)     mental anguish Plaintiff has suffered in the past and, in reasonable likelihood, Plaintiff will suffer in the future;

(h)     pre-judgment and post-judgment interest and court costs as allowed by law; and

(i)      exemplary damages.

28.      Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Texas Rule of Civil Procedure 47 requires Plaintiff to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiff pleads for monetary relief over $1,000,000.00.

## VIII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

29.      Plaintiff further request both pre-judgment and post-judgment interest on all damages as allowed by law.

## IX.
## PLAINTIFF'S NOTICE OF SELF AUTHENTICATION UNDER RULE 193.7

30.      Plaintiff further gives notice under Rule 193.7 of the Texas Rules of Civil Procedure that production of all documents by the Defendants in response to written discovery, authenticates the documents for their use in trial or any pre-trial proceeding in this matter. Plaintiff fully intends to use any and all documents produced by the Defendants as evidence at the time of trial, or in any pre-trial proceeding, and gives Defendants notice of their intent.

## X.
## JURY DEMAND

31.      In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket.   Plaintiff acknowledges payment this date of the required jury fee.

## XI.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER
## SETTING HEARING FOR TEMPORARY INJUNCTION

COMES NOW SAMUEL COBAYASHI, hereinafter referred to by name or as Plaintiff, and files a motion for temporary injunction and in connection therewith, presents a motion for an ex-parte temporary restraining order together with his original petition and affidavit supporting the motion presented. Upon information and belief, the Subject Vehicle is or may soon be in the process of being inspected, repaired, modified, or altered in some way. Consequently, relevant and material evidence relating to Plaintiffs claims against Defendants herein will likely be altered, destroyed, or lost. Plaintiff states that immediate and irreparable harm will result should the Court deny his application for the ex-parte temporary restraining order.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests the Court issue a Temporary Restraining Order restraining Defendants, including their employees, agents, representatives, servants, and/or any person or entity affiliated with Defendants having knowledge of this order, are hereby commanded forthwith to desist and refrain from taking any action that might alter, modify, damage, or destroy, in any way:

1.  The actual vehicle, including its component parts and accessories, being used by Samuel Cobayashi on January 10, 2022, while he was working as a delivery driver for Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC.,** and/or **K.O. DELIVERY & LOGISTICS LLC** (this vehicle, a Mercedes-Benz Sprinter van, is hereinafter referred to in this Order as the "Subject Vehicle");

2.  Any and all of the remains of the subject vehicle, including tires, the engine electronic control module (ECM) and any data already downloaded from the electronic control module, tachograph, and any ancillary devices involved in the January 10, 2022, incident involving Plaintiff Samuel Cobayashi;

3.  All documents relating to any investigation of the January 10, 2022, incident involving Plaintiff Samuel Cobayashi, including accident reports, incident reports, root cause analysis, emails, memoranda, claim records, notes, letters, and/or any other documents related to the incident;

4.  Defendants shall be restrained from moving, inspecting, repairing, testing, modifying, or altering the Subject Vehicle or its contents without notice to and consent of Plaintiff;

5.      Any and all documents relating to the design, manufacture, assembly, sale, and distribution of the Subject Vehicle, including its component parts and accessories;

6.      Any and all documents relating to the design, manufacture, assembly, sale, and distribution of 2019-2021 Mercedes-Benz and Freightliner Sprinter vans;

7.      Any and all documents relating to the investigation, testing, analyses, and evaluation of the cause of vehicle rollaway incidents involving 2019-2021 Mercedes-Benz and Freightliner Sprinter vans;

8.      Any and all documents relating to vehicle rollaway incidents involving 2019-2021 Mercedes-Benz and Freightliner Sprinter vans, including the investigation of the cause of those incidents;

9.      Any and all documents relating to the investigation, testing, analyses, and evaluation of allegedly defective or faulty transmission systems in 2019-2021 Mercedes-Benz and Freightliner Sprinter vans;

10.     Any and all documents relating to the investigation, testing, analyses, and evaluation of allegedly defective or faulty powertrain programming systems in 2019-2021 Mercedes-Benz and Freightliner Sprinter vans;

11.     Any and all documents relating to the investigation, testing, analyses, and evaluation of allegedly defective or faulty park lock systems in 2019-2021 Mercedes-Benz and Freightliner Sprinter vans;

12.     Any and all documents relating to the decision to recall the Subject Vehicle;

13.     Any and all documents relating to the decision to recall 2019-2021 Mercedes-Benz and Freightliner Sprinter vans;

14.     Any and all documents relating to the decision to recall 2019-2021 Mercedes-Benz and Freightliner Sprinter vans based on defective or faulty transmission systems, powertrain programming systems, park lock function systems, or other related systems;

15.     Any and all documents relating to NHTSA's investigation into incidents involving 2019-2021 Mercedes-Benz and Freightliner Sprinter vans, including but not limited to vehicle rollaway incidents;

16.     Any and all documents relating to the initial purchase of the Subject Vehicle;

17.     Any and all documents relating to any subsequent sale, purchase, or transfer of ownership of the Subject Vehicle;

18.   Any and all documents relating to any complaints involving the Subject Vehicle, including but not limited to mechanical problems, transmission problems, drivetrain problems, brake problems, safety related problems, etc.;

19.   Any and all documents relating to inspections, maintenance, repairs, alterations, and/or modifications performed on the Subject Vehicle;

20.   Any and all documents relating to inspections, maintenance, repairs, alterations, and/or modifications performed on the Subject Vehicle's brake system, transmission system, drivetrain system, and/or electrical system or software;

21.   Any and all documents relating to recalls involving the Subject Vehicle;

22.   Any and all documents relating to repairs, modifications, or alterations of any kind made in response to any recall(s) involving the Subject Vehicle;

23.   The certificate of title to the Subject Vehicle;

24.   Any and all books, calendars, diaries, journals, logs, written notes, documents, or other records regarding the Subject Incident;

25.   Any and all records relating to the investigation of the January 10, 2022, incident involving Plaintiff Samuel Cobayashi;

26.   Any and all electronic data and information obtained from the Subject Vehicle following the January 10, 2022, incident involving Plaintiff Samuel Cobayashi;

27.   All electronic information and data stored by or obtained from the Subject Vehicle, including but not limited to information and data obtained from the Subject Vehicle's electronic control module (ECM), airbag control module, "black box", or other similar vehicle system;

28.   Copies of any drive-cam/dash cam videos involving the January 10, 2022, incident involving Plaintiff Samuel Cobayashi;

29.   All statements, whether written or verbal, relating to the January 10, 2022, incident involving Plaintiff Samuel Cobayashi;

30.   All recorded statements relating to the January 10, 2022, incident involving Plaintiff Samuel Cobayashi; and

31.   All photographs, video recordings, or audio recordings relating to the January 10, 2022, incident involving Plaintiff Samuel Cobayashi.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

a) Pain and suffering in the past;
b) Pain and suffering in the future;
c) Mental anguish in the past;
d) Mental anguish in the future;
e) Past medical expenses;
f) Future medical expenses;
g) Physical impairment in the past;
h) Physical impairment in the future;
i) Physical disfigurement in the past;
j) Physical disfigurement in the future;
k) Pre judgment interest;
l) Post judgment interest;
m) Exemplary damages;
n) Loss of past wages;
o) Loss of future wages; and
p) Loss of wage earning capacity

(SIGNATURE BLOCK ON NEXT PAGE)

Respectfully submitted,

SANDOVAL | JAMES, PLLC

By: _____
Benedict "Ben" James
Texas Bar No.: 24058518
Benedict.James@sj-lawfirm.com
Eric A. Wolfe
Texas Bar No.: 24061056
Eric.Wolfe@sj-lawfirm.com
Esteban Sandoval
Texas Bar No.: 24083789
Esteban.Sandoval@sj-lawfirm.com
4807 Spicewood Spring Road,
Bldg 2, Suite 100
Austin, TX 78759
Tel.: (512) 382-7707
Fax: (512) 382-6646
**Attorneys for Plaintiff**

# EXHIBIT 1-B

2/17/2022 8:48 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-000784
Gilberto Diaz Rios

CITATION
THE STATE OF TEXAS
CAUSE NO. D-1-GN-22-000784

SAMUEL COBAYASHI

, PLAINTIFF(S)

VS

AMAZON COM INC, AMAZON LOGISTICS INC, K O DELIVERY AND LOGISTICS LLC, MERCEDES-BENZ USA LLC

, DEFENDANT(S)

TO:    AMAZON.COM INC
       BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INC
       211 E 7TH STREET #620
       AUSTIN TX 78701

Defendant, in the above styled and numbered cause.
YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

Attached is a copy of the PLAINTIFF S ORIGINAL PETITION in the above styled and numbered cause, which was filed on February 14, 2022 in the 345th District Court of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, February 16, 2022.

REQUESTED BY:
JAMES, BENEDICT VLADISLAV
4807 SPICEWOOD SPRINGS RD STE 2100
AUSTIN, TX 78759-7934
Work: 612-382-7707
Fax: 612-382-6646

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: Ruben Tamez

RETURN

Came to hand on the 16 day of February 2022 at 2:00 o'clock P M, and executed at 211 E. 7th St Austin Tx 78701 Ste #620 within the County of Travis on the 16 day of February 2022 at 3:45 o'clock P M, by delivering to the within named Amazon.com Inc through its Registered Agent Corporation Services Company defend in person, a true copy of this citation together with the PLAINTIFF S ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____



Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

17th day of February 2022

By Christian Amauri Gonzalez
PSC 16575- exp 04/30/2023
Printed Name of Server

Notary Public, THE STATE OF TEXAS
D-1-GN-22-000784

Travis County, Texas

SERVICE FEE NOT PAID

ALFRED JESUS BARRERA, JR.
Notary Public, State of Texas
Comm. Expires 03-14-2025
Notary ID 129346812

Copy from re:SearchTX

# EXHIBIT 1-C

2/17/2022 8:48 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-000784
Gilberto Diaz Rios

CITATION

THE STATE OF TEXAS

CAUSE NO. D-1-GN-22-000784

SAMUEL COBAYASHI

, PLAINTIFF(S)

vs.

AMAZON COM INC; AMAZON LOGISTICS INC; K O DELIVERY AND LOGISTICS LLC; MERCEDES-BENZ USA LLC

, DEFENDANT(S)

TO:    **AMAZON LOGISTICS INC**
       BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS
       INCORPORATING SERVICE COMPANY
       211 E 7TH STREET #620
       AUSTIN TX 78701

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

Attached is a copy of the **PLAINTIFF S ORIGINAL PETITION** in the above styled and numbered cause, which was filed on **February 14, 2022** in the **345th District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **February 16, 2022**

REQUESTED BY:
JAMES, BENEDICT VLADISLAV
4807 SPICEWOOD SPRINGS RD STE 2100
AUSTIN, TX 78759-7934
Work: 512-382-7707
Fax: 512-382-6646

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: Ruben Tamez

**RETURN**

Came to hand on the 16th day of February 2022 at 2:00 o'clock P M, and executed at 211 E 7th St #620 Austin Txs 78701 within the County of Travis on th 16 day of February 2022 at 3:45 o'clock P M, by delivering to the within named Amazon Logistics Inc through its Registered Agent Corporation Service Company each in person, a true copy of this citation together with the **PLAINTIFF S ORIGINAL PETITION** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sheriff Constable / Authorized Person

Sworn to and subscribed before me this the

17th day of February 2022



By Christian Amaya Gonzalez
PSC 16570-Exp 04/30/2023
Printed Name of Server

Travis _____ County, Texas

Notary Public, THE STATE OF TEXAS
D-1-GN-22-000784

SERVICE FEE NOT PAID

ALFRED JESUS BARRERA, JR.
Notary Public, State of Texas
Comm. Expires 03-14-2025
Notary ID 129346812

Copy from re:SearchTX

# EXHIBIT 1-D

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-22-000784**

2/18/2022 3:37 PM
Velva L. Price
District Clerk
, PLAINTIFF(S)
Travis County
D-1-GN-22-000784
, DEFENDANT(S)
Nancy Rodriguez

SAMUEL COBAYASHI

vs.

AMAZON.COM INC; AMAZON LOGISTICS INC; K O DELIVERY AND  LOGISTICS LLC;
MERCEDES BENZ USA  LLC

TO:   **MERCEDES-BENZ USA  LLC**
      **BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
      **1999 BRYAN STREET #900**
      **DALLAS TX  75201**

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer
with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be taken against you. In
addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other
parties of this suit. These disclosures generally must be made no later than 30 days after you file your
answer with the clerk. Find out more at TexasLawHelp.org."

Attached is a copy of the **PLAINTIFF S ORIGINAL PETITION** in the above styled and numbered cause, which was
filed on  **February 14, 2022** in the **345th District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **February 16, 2022**

REQUESTED BY:
**JAMES, BENEDICT VLADISLAV**
**4807 SPICEWOOD SPRINGS RD STE 2100**
**AUSTIN, TX  78759-7934**
**Work: 512-382-7707**
**Fax: 512-382-6646**

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701

PREPARED BY: **Ruben Tamez**

**RETURN**

Came to hand on the 16 day of February 2022 at 184 o'clock P M., and executed at
1999 Bryan St. Ste. 900, Dallas, TX 75201 within the County of Dallas, TX on
the 18 day of February 2022, at 1046 o'clock A M., by delivering to the within named
registered agent CT. Corporation System , each in person, a true copy of this citation

together with the **PLAINTIFF S ORIGINAL PETITION** accompanying pleading, having first attached such copy of

such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

18th day of February, 2022.

Notary Public, THE STATE OF TEXAS
D-1-GN-22-000784

Marcus Diaz           Psc# 13928
Sheriff / Constable / Authorized Person   Expires 5/31/22

By: Marcus Diaz

Marcus Diaz
Printed Name of Server

Tarrant County, Texas

**SERVICE FEE NOT PAID**

LACHANDRA CHANEY
Notary Public, State of Texas
Comm. Expires 10-05-2025
Notary ID 133372456

Copy from re:SearchTX

# EXHIBIT 1-E

2/17/2022 8:48 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-000784
Gilberto Diaz Rios

## CITATION
### THE STATE OF TEXAS
**CAUSE NO. D-1-GN-22-000784**

SAMUEL COBAYASHI

, PLAINTIFF(S)

vs.

AMAZON COM INC; AMAZON LOGISTICS INC; K O DELIVERY AND LOGISTICS LLC;
MERCEDES BENZ USA LLC

, DEFENDANT(S)

TO:   **K.O. DELIVERY & LOGISTICS LLC**
BY SERVING ITS REGISTERED AGENT UNITED STATES CORPORATION AGENTS INC
**9900 SPECTRUM DRIVE**
**AUSTIN TX 78717**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer
with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be taken against you. In
addition to filing a written answer with the clerk, you may be required to make initial disclosures to the
parties of this suit. These disclosures generally must be made no later than 30 days after you file your
answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF S ORIGINAL PETITION** in the above styled and numbered cause, which was
filed on  **February 14, 2022** in the **345th District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. **February 16, 2022**

REQUESTED BY:
**JAMES, BENEDICT VLADISLAV**
4807 SPICEWOOD SPRINGS RD STE 2100
AUSTIN, TX 78759-7934
Work: 512-382-7707
Fax: 512-382-6646

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: Ruben Tamez

### RETURN

Came to hand on the 16 day of February 2022 at 3:00 o'clock P. M., and executed at
9900 Spectrum Dr Austin TX 78717 within the County of Williamson on
the 16 day of February 2022 at 3:35 o'clock P M., by delivering to the within named
K.O. Delivery & Logistics LLC through its Registered Agent United States Corporation Agents, each in person, a true copy of this citation
together with the **PLAINTIFF S ORIGINAL PETITION** accompanying pleading, having first attached such copy of
such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $

Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

17th day of February 2022

By Christian Amauri Gonzalez
PSC 1057s - Exp 04/30/2023
Printed Name of Server

Notary Public, THE STATE OF TEXAS
D-1-GN-22-000784

Travis County, Texas

SERVICE FEE NOT PAID

ALFRED JESUS BARRERA, JR.
Notary Public, State of Texas
Comm. Expires 03-14-2025
Notary ID 129346812

# EXHIBIT 1-F

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-22-000784**

SAMUEL COBAYASHI

, PLAINTIFF(S)

vs.

AMAZON.COM INC; AMAZON LOGISTICS INC; K O DELIVERY AND  LOGISTICS LLC;
MERCEDES BENZ USA  LLC; DAIMLER VANS USA LLC; MERCEDES BENZ GROUP AG;     , DEFENDANT(S)
GELCO FLEET TRUST

TO:   **DAIMLER VANS USA LLC**
      **BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
      **1999 BRYAN ST STE 900**
      **DALLAS TX 75201**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer
with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be taken against you. In
addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other
parties of this suit. These disclosures generally must be made no later than 30 days after you file your
answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF'S SECOND AMENDED PETITION** in the above styled and numbered cause,
which was filed on  **March 29, 2022** in the **345th District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **March 31, 2022**

REQUESTED BY:
**JAMES, BENEDICT VLADISLAV**
**4807 SPICEWOOD SPRINGS RD STE 2100**
**AUSTIN, TX 78759-7934**

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701

PREPARED BY: **Adrian Rodriguez**

**RETURN**

Came to hand on the ___5___ day of __Apr'l__, __2022__ at __1045__ o'clock __A__ M., and executed at
__A99 Bryan St. Ste.900  Dallas, Tx 75201__ within the County of __Dallas, Tx__ on
the __8__ day of __April__, __2022__ at __2:14__ o'clock __P__ M., by delivering to the within named
__Registered Agent CT. Corporation System__, each in person, a true copy of this citation
together with the **PLAINTIFF'S SECOND AMENDED PETITION** accompanying pleading, having first attached such
copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

                                            __Marcus Diaz__
                                            Sheriff + Constable / Authorized Person

Sworn to and subscribed before me this the

__9__ day of __April__, __2022__.        By: __Marcus Diaz__   Psc # 13928
                                            __Marcus Diaz__     Expires 5/31/22
                                            Printed Name of Server

                                            __Tarrant__ County, Texas

Notary Public, THE STATE OF TEXAS
D-1-GN-22-000784                            **SERVICE FEE NOT PAID**

LACHANDRA CHANEY
Notary Public, State of Texas
Comm. Expires 10-05-2025
Notary ID 133372456

# EXHIBIT 1-G

2/23/2022 8:06 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-000784
Alexus Rodriguez

## CAUSE NO. D-1-GN-22-000784

| | | |
|---|---|---|
| **SAMUEL COBAYASHI,** | § | **IN THE DISTRICT COURT** |
|     *Plaintiff,* | § | |
| | § | |
| **VS.** | § | |
| | § | **345TH JUDICIAL DISTRICT** |
| **AMAZON.COM, INC., AMAZON** | § | |
| **LOGISTICS, INC., K.O. DELIVERY** | § | |
| **& LOGISTICS LLC, MERCEDES-** | § | |
| **BENZ USA, LLC, DAIMLER VANS** | § | |
| **USA LLC AND MERCEDES BENZ** | § | |
| **GROUP AG,** | § | |
|     *Defendants* | § | **TRAVIS COUNTY, TEXAS** |

### PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW, Plaintiff, **SAMUEL COBAYASHI**, hereinafter referred to by name or as "Plaintiff," and complains of **AMAZON.COM, INC., AMAZON LOGISTICS, INC., K.O. DELIVERY & LOGISTICS LLC**, **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and **MERCEDES BENZ GROUP AG** (hereinafter referred to by name or as "Defendants"), and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.     Plaintiff is an individual residing in Hays County, Texas.

3.     Defendant **AMAZON.COM, INC.** is a legal entity conducting business in the State of Texas. Defendant has been served with process.

4.     Defendant **AMAZON LOGISTICS, INC.** is a legal entity conducting business in the State of Texas. Defendant has been served with process.

5.      Defendant **K.O. DELIVERY & LOGISTICS LLC** is a legal entity conducting business in the State of Texas. Defendant has been served with process.

6.      Defendant **MERCEDES-BENZ USA, LLC** is a legal entity conducting business in the State of Texas. Defendant has been served with process.

7.      Defendant **DAIMLER VANS USA LLC** is a legal entity conducting business in the State of Texas and may be served with process by and through its registered agent for service of process CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

8.      Defendant **MERCEDES BENZ GROUP AG** is a German business organization, and said Defendant is doing business in Texas, although not registered to do so. Said Defendant is engaged in business in this state within the meaning of that term as defined by § 17.042 Tex.Civ. Prac. & Rem. Code and may be served with process by serving a true and correct copy of the citation, with a copy of this amended petition attached thereto, to Mercedes-Benz Group AG, Mercedesstraße 120, 70372 Stuttgart, Germany.

### III.
### JURISDICTION & VENUE

9.      The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendants reside and/or do business in the State of Texas.  The court has jurisdiction over Defendants because they purposefully availed themselves of the privileges and benefits of conducting business in Texas and by committing a tort, which is the basis of this suit, in whole or in part in Texas.

10.     Venue in Travis County is proper in this cause under SECTION 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

Copy from re:SearchTX

**IV.**
**FACTS**

11.     On or about January 10, 2022, Plaintiff was working as a package delivery driver for Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC.,** and/or **K.O. DELIVERY & LOGISTICS LLC**. As Plaintiff was delivering packages in The Hills, Texas, a suburb of Austin, he suffered serious bodily injuries when the vehicle he was using, a Mercedes-Benz Sprinter van owned/operated by Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC.,** and/or **K.O. DELIVERY & LOGISTICS LLC**, rolled over his foot. The subject van was designed, manufactured, and distributed by Defendant **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and/or **MERCEDES BENZ GROUP AG**.

12.     More specifically, Plaintiff stopped the subject van and placed it in park in front of a residential customer's home to deliver a package. After placing the van in park, Plaintiff exited the van to complete the delivery. After Plaintiff exited the van, it began to roll away. While Plaintiff was attempting to bring the van to a stop, it rolled over his right foot resulting in serious injuries that ultimately necessitated the amputation of his foot.

13.     Plaintiff alleges that the negligence/gross negligence of Defendants, whether individually or collectively, proximately caused injuries and damages, as set forth below.

**V.**
**CAUSES OF ACTION AGAINST AMAZON.COM, INC., AMAZON LOGISTICS, INC. AND K.O. DELIVERY & LOGISTICS LLC**

**A.     NEGLIGENCE**

14.     The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff, were proximately caused by the negligent acts and omissions Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC.,** and/or **K.O. DELIVERY & LOGISTICS LLC**. Plaintiff would show that Defendants **AMAZON.COM,**

---

Plaintiff's First Amended Petition

Copy from re:SearchTX

**INC., AMAZON LOGISTICS, INC.,** and/or **K.O. DELIVERY & LOGISTICS LLC** were negligent in causing and contributing to Plaintiff's injuries in one or more of the following respects:

    a.  Failing to provide a safe workplace;

    b.  Failing to provide proper supervision of its workers;

    c.  Failing to provide adequate personal protective equipment;

    d.  Failing to maintain a safe work environment;

    e.  Failing to provide adequate safety protection and equipment;

    f.  Failing to provide adequate training regarding the use of equipment, including the subject vehicle;

    g.  Failing to provide reasonably safe machinery or instrumentalities to its workers;

    h.  Failing to have the subject vehicle routinely serviced and failing to have routine maintenance performed on the subject vehicle;

    i.  Failing to report known dangers or conditions pertaining to the work environment and equipment;

    j.  Allowing a known dangerous and unsafe condition to exist;

    k.  Failing to cure the known dangerous and unsafe condition; and

    l.  Failing to warn Plaintiff of the known dangerous and unsafe condition created by Defendant's conscious disregard for the safety and well-being of Plaintiff and others similarly situated.

    15.    The acts and/or omissions of Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC.,** and/or **K.O. DELIVERY & LOGISTICS LLC**, whether taken singularly or in any combination, constitute negligence and negligence per se, which proximately caused the subject incident and Plaintiff's injuries and other losses as specifically set forth herein. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence, and malice which proximately cause the

Copy from re:SearchTX

incident and injuries and the losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

**B.    GROSS NEGLIGENCE**

16.    Defendants' conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

**V.**
**CAUSES OF ACTION AGAINST MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC AND MERCEDES BENZ GROUP AG**

**A.  Negligence**

17.    Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

18.    Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and/or **MERCEDES BENZ GROUP AG** were negligent in developing, designing, manufacturing, testing, selling, and/or marketing the subject Sprinter van.

19.    At all times material hereto, the subject Sprinter van was being used by Plaintiff for the foreseeable intended purposes for which it was developed, designed, manufactured, tested, sold, and/or marketed. Plaintiff was a foreseeable intended user of the subject Sprinter van.

20.    Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and/or **MERCEDES BENZ GROUP AG** owed a duty to Plaintiff to use reasonable care in

Copy from re:SearchTX

developing, designing, manufacturing, testing, selling, and/or marketing a product free from defects in material or workmanship that was safe and functional for consumer use and did not pose a foreseeable risk of harm to consumers. Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and/or **MERCEDES BENZ GROUP AG** failed to exercise such reasonable care.

21.     Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and/or **MERCEDES BENZ GROUP AG** owed a duty to Plaintiff to adequately warn of the dangers inherent in the use of the product it developed, designed, manufactured, tested, sold, and/or marketed. Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and/or **MERCEDES BENZ GROUP AG** failed to adequately warn consumers of the dangers inherent in its product that is the subject of this suit.

22.     Plaintiff's injuries and damages are the direct and proximate result of the Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and/or **MERCEDES BENZ GROUP AG's** negligence, as well as that of its agents, servants, employees, and apparent agents acting within and during the scope of their employment, authority, or apparent authority.

23.     Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and/or **MERCEDES BENZ GROUP AG** were negligent in one or more of the following respects:

a.   Failing to conduct an appropriate inspection of the subject Sprinter van;

b.   Marketing, selling, and shipping the subject Sprinter van in an unsafe condition;

c.   Failing to provide users of the subject Sprinter van with adequate instructions for its safe use;

d.   Failing to provide users of the subject Sprinter van with adequate warnings concerning its use;

Copy from re:SearchTX

e.  Failing to discover defects in, and the dangerous condition of, the subject Sprinter van;

f.  Failing to remedy the defects in, and the dangerous condition of, the subject Sprinter van;

g.  Failing to discover defects in, and dangerous inadequacies of, the instructions and warnings provided with the subject Sprinter van;

h.  Failing to properly test, evaluate, inspect, and assemble the subject Sprinter van;

i.  Failing to properly design, manufacture, and advertise the subject Sprinter van to ensure that it was not unreasonably dangerous;

j.  Failing to warn the public in general, and Plaintiffs in particular, of the dangers presented by the use of subject Sprinter van;

k.  Failing to exercise due care and act with regard for the safety of those using its products; and

l.  Such other and further acts and/or omissions as may be shown by the evidence at the trial of this cause.

24.  Each of the above-listed acts and/or omissions, taken singularly or in combination, was a proximate cause of Plaintiff's injuries and damages. The above and foregoing acts and omissions of Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and/or **MERCEDES BENZ GROUP AG** constitute negligence, which was the proximate cause of Plaintiff's resulting injuries and damages.

**B.  Strict Liability**

25.  Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

26.  Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and/or **MERCEDES BENZ GROUP AG** are the manufacturer, designer, distributor, and/or seller of the Subject Vehicle.

Copy from re:SearchTX

27.    At all times prior to the sale and delivery of the subject Sprinter van, it was in the exclusive control of Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and/or **MERCEDES BENZ GROUP AG**, its agents, servants, employees, and/or apparent agents, and was sold and delivered without substantial change in its condition.

28.    The subject Sprinter van was used by Plaintiff as designed and intended by the Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and/or **MERCEDES BENZ GROUP AG**, without any change in its condition from the time it left the control of Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and/or **MERCEDES BENZ GROUP AG** until it was used by Plaintiff.

29.    The subject Sprinter van was, at the time of sale and delivery, in a defective condition and unreasonably dangerous to the ultimate user.

30.    The product was defective and unreasonably dangerous because there was a lack of adequate warnings and notices that the subject Sprinter van could inadvertently roll away in a way not warned of or contemplated by the ordinary user of the product. Such defect(s) constituted a producing cause of Plaintiff's injuries and damages.

31.    The product was defective and unreasonably dangerous due to the hazard created by the ability of the subject Sprinter van to inadvertently roll away. Such defect(s) constituted a producing cause of Plaintiff's injuries and damages.

32.    As a direct result of the defective condition of the subject Sprinter van, Plaintiff sustained the injuries and losses described herein. Had the subject Sprinter van not been manufactured, designed, distributed, or sold by Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC** and/or **MERCEDES BENZ GROUP AG** in such an unreasonably dangerous condition, Plaintiff's injuries would not have occurred.

Copy from re:SearchTX

## VII.
## <u>DAMAGES</u>

33.     As a direct and proximate result of the incident and the negligent/gross negligent conduct of the Defendants, Plaintiff suffered severe injuries and damages including injuries to his body. The injuries have had a serious effect on Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life.

34.     Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.  There is a reasonable probability that Plaintiff will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

35.     As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

36.     As a further result of the nature and consequences of his injuries, Plaintiff suffered physical impairment and disfigurement and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

37.     Plaintiff seeks to recover the following damages as a result of the incident in question:

> (a)     medical expenses incurred by Plaintiff for medical treatment in the past and, in reasonable medical probability, medical expenses that Plaintiff will incur in the future;

Copy from re:SearchTX

(b)     physical impairment and disability Plaintiff has suffered in the past and, in reasonable likelihood, Plaintiff will suffer in the future;

(c)     physical disfigurement Plaintiff has suffered in the past and, in all reasonable likelihood, Plaintiff will suffer in the future;

(d)     loss of wages incurred by Plaintiff in the past and, in reasonable likelihood, Plaintiff will incur in the future;

(e)     loss of past and future earning capacity;

(f)     pain and suffering Plaintiff has suffered in the past and, in reasonable likelihood, Plaintiff will suffer in the future;

(g)     mental anguish Plaintiff has suffered in the past and, in reasonable likelihood, Plaintiff will suffer in the future;

(h)     pre-judgment and post-judgment interest and court costs as allowed by law; and

(i)     exemplary damages.

38.     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Texas Rule of Civil Procedure 47 requires Plaintiff to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiff pleads for monetary relief over $1,000,000.00.

## VIII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

39.     Plaintiff further request both pre-judgment and post-judgment interest on all damages as allowed by law.

## IX.
## PLAINTIFF'S NOTICE OF SELF AUTHENTICATION UNDER RULE 193.7

40.     Plaintiff further gives notice under Rule 193.7 of the Texas Rules of Civil Procedure that production of all documents by the Defendants in response to written discovery,

Plaintiff's First Amended Petition                                          10 | P a g e

Copy from re:SearchTX

authenticates the documents for their use in trial or any pre-trial proceeding in this matter. Plaintiff fully intends to use any and all documents produced by the Defendants as evidence at the time of trial, or in any pre-trial proceeding, and gives Defendants notice of their intent.

## X.
## JURY DEMAND

41.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket.   Plaintiff acknowledges payment this date of the required jury fee.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

a) Pain and suffering in the past;
b) Pain and suffering in the future;
c) Mental anguish in the past;
d) Mental anguish in the future;
e) Past medical expenses;
f) Future medical expenses;
g) Physical impairment in the past;
h) Physical impairment in the future;
i) Physical disfigurement in the past;
j) Physical disfigurement in the future;
k) Pre judgment interest;
l) Post judgment interest;
m) Exemplary damages;
n) Loss of past wages;
o) Loss of future wages; and
p) Loss of wage earning capacity

Copy from re:SearchTX

Respectfully submitted,

SANDOVAL | JAMES, PLLC

By: */s/ Eric Wolfe*
Benedict "Ben" James
Texas Bar No.: 24058518
Benedict.James@sj-lawfirm.com
Eric A. Wolfe
Texas Bar No.: 24061056
Eric.Wolfe@sj-lawfirm.com
Esteban Sandoval
Texas Bar No.: 24083789
Esteban.Sandoval@sj-lawfirm.com
4807 Spicewood Spring Road,
Bldg 2, Suite 100
Austin, TX 78759
Tel.: (512) 382-7707
Fax: (512) 382-6646
**Attorneys for Plaintiff**

Copy from re:SearchTX

# EXHIBIT 1-H

## CAUSE NO. D-1-GN-22-000784

| | | |
|---|---|---|
| SAMUEL COBAYASHI, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | 345TH JUDICIAL DISTRICT |
| AMAZON.COM, INC., AMAZON | § | |
| LOGISTICS, INC., K.O. DELIVERY | § | |
| & LOGISTICS LLC, MERCEDES- | § | |
| BENZ USA, LLC, DAIMLER VANS | § | |
| USA LLC, MERCEDES BENZ | § | |
| GROUP AG, AND GELCO FLEET | § | |
| TRUST, | § | |
| *Defendants* | § | TRAVIS COUNTY, TEXAS |

### PLAINTIFF'S SECOND AMENDED PETITION

COMES NOW, Plaintiff, **SAMUEL COBAYASHI**, hereinafter referred to by name or as "Plaintiff," and complains of **AMAZON.COM, INC., AMAZON LOGISTICS, INC., K.O. DELIVERY & LOGISTICS LLC**, **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC, MERCEDES BENZ GROUP AG,** and **GELCO FLEET TRUST** (hereinafter referred to by name or as "Defendants"), and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.     Plaintiff is an individual residing in Hays County, Texas.

3.     Defendant **AMAZON.COM, INC.** is a legal entity conducting business in the State of Texas. Defendant has made an appearance in this lawsuit.

4.      Defendant **AMAZON LOGISTICS, INC.** is a legal entity conducting business in the State of Texas. Defendant has made an appearance in this lawsuit.

5.      Defendant **K.O. DELIVERY & LOGISTICS LLC** is a legal entity conducting business in the State of Texas. Defendant has been served with process.

6.      Defendant **MERCEDES-BENZ USA, LLC** is a legal entity conducting business in the State of Texas. Defendant has been served with process.

7.      Defendant **DAIMLER VANS USA LLC** is a legal entity conducting business in the State of Texas and may be served with process by and through its registered agent for service of process CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

8.      Defendant **MERCEDES BENZ GROUP AG** is a German business organization, and said Defendant is doing business in Texas, although not registered to do so. Said Defendant is engaged in business in this state within the meaning of that term as defined by § 17.042 Tex.Civ. Prac. & Rem. Code and may be served with process by serving a true and correct copy of the citation, with a copy of this amended petition attached thereto, to Mercedes-Benz Group AG, Mercedesstraße 120, 70372 Stuttgart, Germany.

9.      Defendant **GELCO FLEET TRUST** is a legal entity conducting business in the State of Texas and may be served with process by and through its registered agent for service of process Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company.

### III.
### JURISDICTION & VENUE

10.     The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendants reside and/or do business in the State of Texas.  The court has jurisdiction over Defendants because they purposefully availed

themselves of the privileges and benefits of conducting business in Texas and by committing a tort, which is the basis of this suit, in whole or in part in Texas.

11.     Venue in Travis County is proper in this cause under SECTION 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

**IV.**
**FACTS**

12.     On or about January 10, 2022, Plaintiff was working as a package delivery driver for Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC.,** and/or **K.O. DELIVERY & LOGISTICS LLC**. As Plaintiff was delivering packages in The Hills, Texas, a suburb of Austin, he suffered serious bodily injuries when the vehicle he was using, a Mercedes-Benz Sprinter van owned/operated by Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC., K.O. DELIVERY & LOGISTICS LLC**, and/or **GELCO FLEET TRUST** rolled over his foot.

13.     The subject vehicle is a 2019 Mercedes-Benz Sprinter van (VIN: WD4PF1CD7KP153072; hereinafter referred to as the subject "Sprinter Van") that was designed, manufactured, sold, distributed, and/or leased by Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC, MERCEDES BENZ GROUP AG, AMAZON.COM, INC., AMAZON LOGISTICS, INC., K.O. DELIVERY & LOGISTICS LLC,** and/or **GELCO FLEET TRUST**.

14.     More specifically, Plaintiff stopped the subject van and placed it in park in front of a residential customer's home to deliver a package. After placing the van in park, Plaintiff exited the van to complete the delivery. After Plaintiff exited the van, it began to roll away.

While Plaintiff was attempting to bring the van to a stop, it rolled over his right foot resulting in serious injuries that ultimately necessitated the amputation of his foot.

15.     There have been numerous other incidents involving Mercedes-Benz Sprinter vans such as that involved in this incident (i.e., model year 2019 Mercedes-Benz Sprinter vans with an automatic transmission with Auto-P function). As a result, the National Highway Traffic Safety Administration opened an investigation into the defect(s) giving rise to vehicle rollaway incidents involving Sprinter vans. Moreover, in January 2022, Mercedes-Benz issued a recall on the subject Sprinter Van, and other similar vans, for the same defect that caused the incident giving rise to this lawsuit.

16.     Plaintiff alleges that the negligence, strict liability, and gross negligence of Defendants, whether individually or collectively, proximately caused injuries and damages, as set forth below.

## V.
## CAUSES OF ACTION

**A.     NEGLIGENCE AND GROSS NEGLIGENCE – DEFENDANTS AMAZON.COM, INC., AMAZON LOGISTICS, INC., K.O. DELIVERY LOGISTICS, LLC, AND GELCO FLEET TRUST**

17.     The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff, were proximately caused by the negligent acts and omissions Defendants **AMAZON.COM, INC.**, **AMAZON LOGISTICS, INC.**, **K.O. DELIVERY & LOGISTICS LLC,** and/or **GELCO FLEET TRUST**. Plaintiff would show that these Defendants were negligent in causing and contributing to Plaintiff's injuries in one or more of the following respects:

a.   Failing to provide a safe workplace;

b.   Failing to provide proper supervision of its workers;

c.  Failing to provide adequate personal protective equipment;

d.  Failing to maintain a safe work environment;

e.  Failing to provide adequate safety protection and equipment;

f.  Failing to provide adequate training regarding the use of equipment, including the subject vehicle;

g.  Failing to provide reasonably safe machinery or instrumentalities to its workers;

h.  Failing to have the subject vehicle routinely serviced and failing to have routine maintenance performed on the subject vehicle;

i.  Failing to report known dangers or conditions pertaining to the work environment and equipment;

j.  Allowing a known dangerous and unsafe condition to exist;

k.  Failing to cure the known dangerous and unsafe condition; and

l.  Failing to warn Plaintiff of the known dangerous and unsafe condition created by Defendant's conscious disregard for the safety and well-being of Plaintiff and others similarly situated.

18.     The acts and/or omissions of these Defendants, whether taken singularly or in any combination, constitute negligence and negligence per se, which proximately caused the subject incident and Plaintiff's injuries and other losses as specifically set forth herein. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence, and malice which proximately cause the incident and injuries and the losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

19.     Defendants' conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendants had actual, subjective awareness of the

risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

**B.    STRICT LIABILITY, NEGLIGENCE AND GROSS NEGLIGENCE – MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC, MERCEDES BENZ GROUP AG, AMAZON.COM, INC., AMAZON LOGISTICS, INC., K.O. DELIVERY & LOGISTICS, LLC, AND GELCO FLEET TRUST**

20.    Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

21.    This is, in part, a product defect case with respect to the subject 2019 Mercedes-Benz Sprinter Van (VIN: WD4PF1CD7KP153072) involved in the collision.

22.    Plaintiff contends that the Sprinter Van, along with other similar vehicles, was defectively designed, manufactured, assembled, marketed, distributed, sold, and/or leased by Defendants and that such defects rendered the Sprinter Van in question unreasonably dangerous for its intended purpose and were proximate and producing causes of Plaintiff's injuries and damages as alleged herein. There were safer alternative designs for the Sprinter Van's transmission system that would have reduced the risk of injury without substantially impairing the utility of the vehicle.

23.    The safer alternative designs were economically and technologically feasible at the time the Sprinter Van in question left the control of Defendants by the application of existing or reasonably achievable scientific knowledge.

24.    Defendants, therefore, are strictly liable to Plaintiff under applicable products liability law without regard to or proof of negligence or gross negligence, although Plaintiff would also show that Sprinter Van was negligently designed, manufactured, assembled, marketed, distributed, sold, leased, and placed into the stream of commerce in a defective

condition and that such negligence and defects were producing and proximate cause of Plaintiff's injuries and damages.

25.     At all times mentioned, the Sprinter Van in question was unreasonably dangerous and defective in its design and manufacture in one or more of the following particulars:

    a.  The Sprinter Van in question was generally defective in its design and manufacture because it's transmission allowed the vehicle to roll away despite being placed into the "park" position;

    b.  The design of the transmission system, including the auto park function, was inadequate and unsafe;

    c.  The manufacturing of the transmission system, including the auto park function, was inadequate and unsafe;

    d.  The installation of the transmission system, including the auto park function, was inadequate and unsafe;

    e.  Defendants violated the duties they owed to provide an adequate and safe transmission system, including the auto park function; and

    f.  The Sprinter Van in question was inadequately and improperly tested and analyzed.

26.     The unreasonably dangerous nature of the defects as outlined above creates a high probability that injuries, including death, would result.

27.     At the time the Sprinter Van was sold, distributed, and/or leased, the transmission system, including the auto park function, was insufficient to safely and adequately secure the vehicle when placed into "park." The defective and unreasonably dangerous design of the Sprinter Van's transmission system, including the auto park function, was a producing cause of the incident and of Plaintiff's injuries and damages.

28.     Defendants knew of the insufficiency of the Sprinter Van's transmission system, including the auto park function. In conscious disregard of the consequences, Defendants

willfully and wantonly manufactured, distributed, sold and/or leased the defective Sprinter Van which caused the subject incident and Plaintiff's injuries and damages.

29.     The defective nature of the Sprinter Van rendered it unreasonably dangerous and was a proximate and producing cause Asante Contreras' death.

30.     Defendants were negligent in developing, designing, manufacturing, testing, selling, distributing, leasing, and/or marketing the subject Sprinter Van.

31.     At all times material hereto, the subject Sprinter Van was being used by Plaintiff for the foreseeable intended purposes for which it was developed, designed, manufactured, tested, sold, leased, distributed, and/or marketed. Plaintiff was a foreseeable intended user of the subject Sprinter Van.

32.     Defendants owed a duty to Plaintiff to use reasonable care in developing, designing, manufacturing, testing, selling, leasing, distributing, and/or marketing a product free from defects in material or workmanship that was safe and functional for consumer use and did not pose a foreseeable risk of harm to consumers. Defendants failed to exercise such reasonable care.

33.     Defendants owed a duty to Plaintiff to adequately warn of the dangers inherent in the use of the product they developed, designed, manufactured, tested, sold, leased, distributed, and/or marketed. Defendants failed to adequately warn consumers of the dangers inherent in the product that is the subject of this suit.

34.     Plaintiff's injuries and damages are the direct and proximate result of Defendants' negligence, as well as that of their agents, servants, employees, and apparent agents acting within and during the scope of their employment, authority, or apparent authority.

35.     Defendants were negligent in one or more of the following respects:

a. Failing to conduct an appropriate inspection of the subject Sprinter Van;

b. Marketing, distributing, selling, leasing, and shipping the subject Sprinter Van in an unsafe condition;

c. Failing to provide users of the subject Sprinter Van with adequate instructions for its safe use;

d. Failing to provide users of the subject Sprinter Van with adequate warnings concerning its use;

e. Failing to discover defects in, and the dangerous condition of, the subject Sprinter Van;

f. Failing to remedy the defects in, and the dangerous condition of, the subject Sprinter Van;

g. Failing to discover defects in, and dangerous inadequacies of, the instructions and warnings provided with the subject Sprinter Van;

h. Failing to properly test, evaluate, inspect, and assemble the subject Sprinter Van;

i. Failing to properly design, manufacture, and advertise the subject Sprinter Van to ensure that it was not unreasonably dangerous;

j. Failing to warn the public in general, and Plaintiff in particular, of the dangers presented by the use of subject Sprinter Van;

k. Failing to exercise due care and act with regard for the safety of those using its products; and

l. Such other and further acts and/or omissions as may be shown by the evidence at the trial of this cause.

36.    Each of the above-listed acts and/or omissions, taken singularly or in combination, was a proximate cause of Plaintiff's injuries and damages. The above and foregoing acts and omissions of Defendants constitute negligence, which was the proximate cause of Plaintiff's resulting injuries and damages.

37.    Defendants are the manufacturer, designer, distributor, seller and/or lessor of the subject Sprinter Van.

38.     At all times prior to the sale, lease, and/or delivery of the subject Sprinter Van, it was in the exclusive control of Defendants, their agents, servants, employees, and/or apparent agents, and was sold, leased, and/or delivered without substantial change in its condition.

39.     The subject Sprinter Van was used by Plaintiff as designed and intended by the Defendants without any change in its condition from the time it left the control of Defendants until it was used by Plaintiff.

40.     The subject Sprinter Van was, at the time of sale, lease, and/or delivery, in a defective condition and unreasonably dangerous to the ultimate user.

41.     The product was defective and unreasonably dangerous because there was a lack of adequate warnings and notices that the subject Sprinter Van could inadvertently roll away in a way not warned of or contemplated by the ordinary user of the product. Such defect(s) constituted a producing cause of Plaintiff's injuries and damages.

42.     The product was defective and unreasonably dangerous due to the hazard created by the ability of the subject Sprinter Van to inadvertently roll away. Such defect(s) constituted a producing cause of Plaintiff's injuries and damages.

43.     As a direct result of the defective condition of the subject Sprinter van, Plaintiff sustained the injuries and losses described herein. Had the subject Sprinter van not been manufactured, designed, distributed, sold, and/or leased by Defendants in such an unreasonably dangerous condition, Plaintiff's injuries would not have occurred.

44.     Defendants' conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendants had actual, subjective awareness of the

risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated

## VI.
## DAMAGES

45.     As a direct and proximate result of the incident and the negligent/gross negligent conduct of the Defendants, Plaintiff suffered severe injuries and damages including injuries to his body. The injuries have had a serious effect on Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life.

46.     Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.  There is a reasonable probability that Plaintiff will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

47.     As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

48.     As a further result of the nature and consequences of his injuries, Plaintiff suffered physical impairment and disfigurement and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

49.     Plaintiff seeks to recover the following damages as a result of the incident in question:

(a)     medical expenses incurred by Plaintiff for medical treatment in the past and, in reasonable medical probability, medical expenses that Plaintiff will incur in the future;

(b)     physical impairment and disability Plaintiff has suffered in the past and, in reasonable likelihood, Plaintiff will suffer in the future;

(c)     physical disfigurement Plaintiff has suffered in the past and, in all reasonable likelihood, Plaintiff will suffer in the future;

(d)     loss of wages incurred by Plaintiff in the past and, in reasonable likelihood, Plaintiff will incur in the future;

(e)     loss of past and future earning capacity;

(f)     pain and suffering Plaintiff has suffered in the past and, in reasonable likelihood, Plaintiff will suffer in the future;

(g)     mental anguish Plaintiff has suffered in the past and, in reasonable likelihood, Plaintiff will suffer in the future;

(h)     pre-judgment and post-judgment interest and court costs as allowed by law; and

(i)     exemplary damages.

50.     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Texas Rule of Civil Procedure 47 requires Plaintiff to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiff pleads for monetary relief over $1,000,000.00.

**VII.**
**PREJUDGMENT AND POST-JUDGMENT INTEREST**

51.     Plaintiff further request both pre-judgment and post-judgment interest on all damages as allowed by law.

## VIII.
## PLAINTIFF'S NOTICE OF SELF AUTHENTICATION UNDER RULE 193.7

52.     Plaintiff further gives notice under Rule 193.7 of the Texas Rules of Civil Procedure that production of all documents by the Defendants in response to written discovery, authenticates the documents for their use in trial or any pre-trial proceeding in this matter. Plaintiff fully intends to use any and all documents produced by the Defendants as evidence at the time of trial, or in any pre-trial proceeding, and gives Defendants notice of their intent.

## IX.
## JURY DEMAND

53.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket.   Plaintiff acknowledges payment this date of the required jury fee.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

      a)  Pain and suffering in the past;
      b)  Pain and suffering in the future;
      c)  Mental anguish in the past;
      d)  Mental anguish in the future;
      e)  Past medical expenses;
      f)  Future medical expenses;
      g)  Physical impairment in the past;
      h)  Physical impairment in the future;
      i)  Physical disfigurement in the past;

j)  Physical disfigurement in the future;
k)  Pre judgment interest;
l)  Post judgment interest;
m) Exemplary damages;
n)  Loss of past wages;
o)  Loss of future wages; and
p)  Loss of wage earning capacity

Respectfully submitted,

SANDOVAL | JAMES, PLLC

By:_____

Benedict "Ben" James
Texas Bar No.: 24058518
Benedict.James@sj-lawfirm.com
Eric A. Wolfe
Texas Bar No.: 24061056
Eric.Wolfe@sj-lawfirm.com
Esteban Sandoval
Texas Bar No.: 24083789
Esteban.Sandoval@sj-lawfirm.com
4807 Spicewood Spring Road,
Bldg 2, Suite 100
Austin, TX 78759
Tel.: (512) 382-7707
Fax: (512) 382-6646
**Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of this instrument was forwarded to all parties / counsel of record by method of service indicated, in accordance with the Texas Rules of Civil Procedure, on this, the 22nd of March, 2022.

***Via E-Service: efile@ramonworthington.com***
Sofia A. Ramon
Dan K. Worthington
RAMON WORTHINGTON NICOLAS & CANTU, PLLC
1506 S. Lone Star Way, Suite 5
Edinburg, Texas 78539

And

Sarah A. Nicolas
Stephen W. Bosky
RAMON WORTHINGTON NICOLAS & CANTU, PLLC
13413 Galleria Circle, Suite 120
Bee Cave, Texas 78738

*Attorneys forAmazon.com, Inc. and Amazon Logistics, Inc.*

Eric A. Wolfe

# EXHIBIT 1-I

CAUSE NO. D-1-GN-22-000784

| | | |
|---|---|---|
| SAMUEL COBAYASHI, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | 345TH JUDICIAL DISTRICT |
| AMAZON.COM, INC., AMAZON | § | |
| LOGISTICS, INC., K.O. DELIVERY | § | |
| & LOGISTICS LLC, MERCEDES- | § | |
| BENZ USA, LLC, DAIMLER VANS | § | |
| USA LLC, MERCEDES BENZ | § | |
| GROUP AG, AND GELCO FLEET | § | |
| TRUST, | § | |
| *Defendants* | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S THIRD AMENDED PETITION

COMES NOW, Plaintiff, **SAMUEL COBAYASHI**, hereinafter referred to by name or as "Plaintiff," and complains of **AMAZON.COM, INC., AMAZON LOGISTICS, INC., K.O. DELIVERY & LOGISTICS LLC**, **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC, MERCEDES BENZ GROUP AG,** and **GELCO FLEET TRUST** (hereinafter referred to by name or as "Defendants"), and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.      Plaintiff is an individual residing in Hays County, Texas.

3.      Defendant **AMAZON.COM, INC.** is a legal entity conducting business in the State of Texas. Defendant has made an appearance in this lawsuit.

4.    Defendant **AMAZON LOGISTICS, INC.** is a legal entity conducting business in the State of Texas. Defendant has made an appearance in this lawsuit.

5.    Defendant **K.O. DELIVERY & LOGISTICS LLC** is a legal entity conducting business in the State of Texas. Defendant has been served with process by and through its registered agent.

6.    Defendant **MERCEDES-BENZ USA, LLC** is a legal entity conducting business in the State of Texas. Defendant has made an appearance in this lawsuit.

7.    Defendant **DAIMLER VANS USA LLC** is a legal entity conducting business in the State of Texas. Defendant has been served with process by and through its registered agent.

8.    Defendant **MERCEDES BENZ GROUP AG** is a German business organization, and said Defendant is doing business in Texas, although not registered to do so. Said Defendant is engaged in business in this state within the meaning of that term as defined by § 17.042 Tex.Civ. Prac. & Rem. Code and may be served with process by serving a true and correct copy of the citation, with a copy of this amended petition attached thereto, to Mercedes-Benz Group AG, Mercedesstraße 120, 70372 Stuttgart, Germany.

9.    Defendant **GELCO FLEET TRUST** is a legal entity conducting business in the State of Texas. Defendant has been served with process.

### III.
### <u>JURISDICTION & VENUE</u>

10.   The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendants reside and/or do business in the State of Texas.  The court has jurisdiction over Defendants because they purposefully availed themselves of the privileges and benefits of conducting business in Texas and by committing a tort, which is the basis of this suit, in whole or in part in Texas.

11.     Venue in Travis County is proper in this cause under SECTION 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

**IV.**
**FACTS**

12.     On or about January 10, 2022, Plaintiff was working as a package delivery driver for Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC.,** and/or **K.O. DELIVERY & LOGISTICS LLC**. As Plaintiff was delivering packages in The Hills, Texas, a suburb of Austin, he suffered serious bodily injuries when the vehicle he was using, a Mercedes-Benz Sprinter van owned/operated by Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC., K.O. DELIVERY & LOGISTICS LLC,** and/or **GELCO FLEET TRUST** rolled over his foot.

13.     The subject vehicle is a 2019 Mercedes-Benz Sprinter van (VIN: WD4PF1CD7KP153072; hereinafter referred to as the subject "Sprinter Van") that was designed, manufactured, sold, distributed, and/or leased by Defendants **MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC, MERCEDES BENZ GROUP AG, AMAZON.COM, INC., AMAZON LOGISTICS, INC., K.O. DELIVERY & LOGISTICS LLC,** and/or **GELCO FLEET TRUST**.

14.     More specifically, Plaintiff stopped the subject van and placed it in park in front of a residential customer's home to deliver a package. After placing the van in park, Plaintiff exited the van to complete the delivery. After Plaintiff exited the van, it began to roll away. While Plaintiff was attempting to bring the van to a stop, it rolled over his right foot resulting in serious injuries that ultimately necessitated the amputation of his foot.

15.     There have been numerous other incidents involving Mercedes-Benz Sprinter vans such as that involved in this incident (i.e., model year 2019 Mercedes-Benz Sprinter vans with an automatic transmission with Auto-P function). As a result, the National Highway Traffic Safety Administration opened an investigation into the defect(s) giving rise to vehicle rollaway incidents involving Sprinter vans. Moreover, in January 2022, Mercedes-Benz issued a recall on the subject Sprinter Van, and other similar vans, for the same defect that caused the incident giving rise to this lawsuit.

16.     Plaintiff alleges that the negligence, strict liability, and gross negligence of Defendants, whether individually or collectively, proximately caused injuries and damages, as set forth below.

**V.**
**CAUSES OF ACTION**

**A.     NEGLIGENCE AND GROSS NEGLIGENCE – DEFENDANTS AMAZON.COM, INC., AMAZON LOGISTICS, INC., K.O. DELIVERY LOGISTICS, LLC, AND GELCO FLEET TRUST**

17.     The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff, were proximately caused by the negligent acts and omissions Defendants **AMAZON.COM, INC., AMAZON LOGISTICS, INC., K.O. DELIVERY & LOGISTICS LLC,** and/or **GELCO FLEET TRUST**. Plaintiff would show that these Defendants were negligent in causing and contributing to Plaintiff's injuries in one or more of the following respects:

a.   Failing to provide a safe workplace;

b.   Failing to provide proper supervision of its workers;

c.   Failing to provide adequate personal protective equipment;

d.   Failing to maintain a safe work environment;

e.  Failing to provide adequate safety protection and equipment;

f.  Failing to provide adequate training regarding the use of equipment, including the subject vehicle;

g.  Failing to provide reasonably safe machinery or instrumentalities to its workers;

h.  Failing to have the subject vehicle routinely serviced and failing to have routine maintenance performed on the subject vehicle;

i.  Failing to report known dangers or conditions pertaining to the work environment and equipment;

j.  Allowing a known dangerous and unsafe condition to exist;

k.  Failing to cure the known dangerous and unsafe condition; and

l.  Failing to warn Plaintiff of the known dangerous and unsafe condition created by Defendant's conscious disregard for the safety and well-being of Plaintiff and others similarly situated.

18.   The acts and/or omissions of these Defendants, whether taken singularly or in any combination, constitute negligence and negligence per se, which proximately caused the subject incident and Plaintiff's injuries and other losses as specifically set forth herein. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence, and malice which proximately cause the incident and injuries and the losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

19.   Defendants' conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

**B.    STRICT LIABILITY, NEGLIGENCE AND GROSS NEGLIGENCE – MERCEDES-BENZ USA, LLC, DAIMLER VANS USA LLC, MERCEDES BENZ GROUP AG, AMAZON.COM, INC., AMAZON LOGISTICS, INC., K.O. DELIVERY & LOGISTICS, LLC, AND GELCO FLEET TRUST**

20.     Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

21.     This is, in part, a product defect case with respect to the subject 2019 Mercedes-Benz Sprinter Van (VIN: WD4PF1CD7KP153072) involved in the collision.

22.     Plaintiff contends that the Sprinter Van, along with other similar vehicles, was defectively designed, manufactured, assembled, marketed, distributed, sold, and/or leased by Defendants and that such defects rendered the Sprinter Van in question unreasonably dangerous for its intended purpose and were proximate and producing causes of Plaintiff's injuries and damages as alleged herein. There were safer alternative designs for the Sprinter Van's transmission system that would have reduced the risk of injury without substantially impairing the utility of the vehicle.

23.     The safer alternative designs were economically and technologically feasible at the time the Sprinter Van in question left the control of Defendants by the application of existing or reasonably achievable scientific knowledge.

24.     Defendants, therefore, are strictly liable to Plaintiff under applicable products liability law without regard to or proof of negligence or gross negligence, although Plaintiff would also show that Sprinter Van was negligently designed, manufactured, assembled, marketed, distributed, sold, leased, and placed into the stream of commerce in a defective condition and that such negligence and defects were producing and proximate cause of Plaintiff's injuries and damages.

25.     At all times mentioned, the Sprinter Van in question was unreasonably dangerous and defective in its design and manufacture in one or more of the following particulars:

a.  The Sprinter Van in question was generally defective in its design and manufacture because it's transmission allowed the vehicle to roll away despite being placed into the "park" position;

b.  The design of the transmission system, including the auto park function, was inadequate and unsafe;

c.  The manufacturing of the transmission system, including the auto park function, was inadequate and unsafe;

d.  The installation of the transmission system, including the auto park function, was inadequate and unsafe;

e.  Defendants violated the duties they owed to provide an adequate and safe transmission system, including the auto park function; and

f.  The Sprinter Van in question was inadequately and improperly tested and analyzed.

26.     The unreasonably dangerous nature of the defects as outlined above creates a high probability that injuries, including death, would result.

27.     At the time the Sprinter Van was sold, distributed, and/or leased, the transmission system, including the auto park function, was insufficient to safely and adequately secure the vehicle when placed into "park." The defective and unreasonably dangerous design of the Sprinter Van's transmission system, including the auto park function, was a producing cause of the incident and of Plaintiff's injuries and damages.

28.     Defendants knew of the insufficiency of the Sprinter Van's transmission system, including the auto park function. In conscious disregard of the consequences, Defendants willfully and wantonly manufactured, distributed, sold and/or leased the defective Sprinter Van which caused the subject incident and Plaintiff's injuries and damages.

29.     The defective nature of the Sprinter Van rendered it unreasonably dangerous and was a proximate and producing cause of Plaintiff's injuries.

30.     Defendants were negligent in developing, designing, manufacturing, testing, selling, distributing, leasing, and/or marketing the subject Sprinter Van.

31.     At all times material hereto, the subject Sprinter Van was being used by Plaintiff for the foreseeable intended purposes for which it was developed, designed, manufactured, tested, sold, leased, distributed, and/or marketed. Plaintiff was a foreseeable intended user of the subject Sprinter Van.

32.     Defendants owed a duty to Plaintiff to use reasonable care in developing, designing, manufacturing, testing, selling, leasing, distributing, and/or marketing a product free from defects in material or workmanship that was safe and functional for consumer use and did not pose a foreseeable risk of harm to consumers. Defendants failed to exercise such reasonable care.

33.     Defendants owed a duty to Plaintiff to adequately warn of the dangers inherent in the use of the product they developed, designed, manufactured, tested, sold, leased, distributed, and/or marketed. Defendants failed to adequately warn consumers of the dangers inherent in the product that is the subject of this suit.

34.     Plaintiff's injuries and damages are the direct and proximate result of Defendants' negligence, as well as that of their agents, servants, employees, and apparent agents acting within and during the scope of their employment, authority, or apparent authority.

35.     Defendants were negligent in one or more of the following respects:

    a.  Failing to conduct an appropriate inspection of the subject Sprinter Van;

    b.  Marketing, distributing, selling, leasing, and shipping the subject Sprinter Van in an unsafe condition;

c.  Failing to provide users of the subject Sprinter Van with adequate instructions for its safe use;

d.  Failing to provide users of the subject Sprinter Van with adequate warnings concerning its use;

e.  Failing to discover defects in, and the dangerous condition of, the subject Sprinter Van;

f.  Failing to remedy the defects in, and the dangerous condition of, the subject Sprinter Van;

g.  Failing to discover defects in, and dangerous inadequacies of, the instructions and warnings provided with the subject Sprinter Van;

h.  Failing to properly test, evaluate, inspect, and assemble the subject Sprinter Van;

i.  Failing to properly design, manufacture, and advertise the subject Sprinter Van to ensure that it was not unreasonably dangerous;

j.  Failing to warn the public in general, and Plaintiff in particular, of the dangers presented by the use of subject Sprinter Van;

k.  Failing to exercise due care and act with regard for the safety of those using its products; and

l.  Such other and further acts and/or omissions as may be shown by the evidence at the trial of this cause.

36.    Each of the above-listed acts and/or omissions, taken singularly or in combination, was a proximate cause of Plaintiff's injuries and damages. The above and foregoing acts and omissions of Defendants constitute negligence, which was the proximate cause of Plaintiff's resulting injuries and damages.

37.    Defendants are the manufacturer, designer, distributor, seller and/or lessor of the subject Sprinter Van.

38.    At all times prior to the sale, lease, and/or delivery of the subject Sprinter Van, it was in the exclusive control of Defendants, their agents, servants, employees, and/or apparent agents, and was sold, leased, and/or delivered without substantial change in its condition.

39.    The subject Sprinter Van was used by Plaintiff as designed and intended by the Defendants without any change in its condition from the time it left the control of Defendants until it was used by Plaintiff.

40.    The subject Sprinter Van was, at the time of sale, lease, and/or delivery, in a defective condition and unreasonably dangerous to the ultimate user.

41.    The product was defective and unreasonably dangerous because there was a lack of adequate warnings and notices that the subject Sprinter Van could inadvertently roll away in a way not warned of or contemplated by the ordinary user of the product. Such defect(s) constituted a producing cause of Plaintiff's injuries and damages.

42.    The product was defective and unreasonably dangerous due to the hazard created by the ability of the subject Sprinter Van to inadvertently roll away. Such defect(s) constituted a producing cause of Plaintiff's injuries and damages.

43.    As a direct result of the defective condition of the subject Sprinter van, Plaintiff sustained the injuries and losses described herein. Had the subject Sprinter van not been manufactured, designed, distributed, sold, and/or leased by Defendants in such an unreasonably dangerous condition, Plaintiff's injuries would not have occurred.

44.    Defendants' conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendants had actual, subjective awareness of the

risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated

## VI.
## DAMAGES

45.     As a direct and proximate result of the incident and the negligent/gross negligent conduct of the Defendants, Plaintiff suffered severe injuries and damages including injuries to his body. The injuries have had a serious effect on Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life.

46.     Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.  There is a reasonable probability that Plaintiff will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

47.     As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

48.     As a further result of the nature and consequences of his injuries, Plaintiff suffered physical impairment and disfigurement and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

49.     Plaintiff seeks to recover the following damages as a result of the incident in question:

(a)    medical expenses incurred by Plaintiff for medical treatment in the past and, in reasonable medical probability, medical expenses that Plaintiff will incur in the future;

(b)    physical impairment and disability Plaintiff has suffered in the past and, in reasonable likelihood, Plaintiff will suffer in the future;

(c)    physical disfigurement Plaintiff has suffered in the past and, in all reasonable likelihood, Plaintiff will suffer in the future;

(d)    loss of wages incurred by Plaintiff in the past and, in reasonable likelihood, Plaintiff will incur in the future;

(e)    loss of past and future earning capacity;

(f)    pain and suffering Plaintiff has suffered in the past and, in reasonable likelihood, Plaintiff will suffer in the future;

(g)    mental anguish Plaintiff has suffered in the past and, in reasonable likelihood, Plaintiff will suffer in the future;

(h)    pre-judgment and post-judgment interest and court costs as allowed by law; and

(i)    exemplary damages.

50.    Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Texas Rule of Civil Procedure 47 requires Plaintiff to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiff pleads for monetary relief over $1,000,000.00.

## VII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

51.    Plaintiff further request both pre-judgment and post-judgment interest on all damages as allowed by law.

## VIII.
## PLAINTIFF'S NOTICE OF SELF AUTHENTICATION UNDER RULE 193.7

52.     Plaintiff further gives notice under Rule 193.7 of the Texas Rules of Civil Procedure that production of all documents by the Defendants in response to written discovery, authenticates the documents for their use in trial or any pre-trial proceeding in this matter. Plaintiff fully intends to use any and all documents produced by the Defendants as evidence at the time of trial, or in any pre-trial proceeding, and gives Defendants notice of their intent.

## IX.
## JURY DEMAND

53.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket.   Plaintiff acknowledges payment this date of the required jury fee.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

a)  Pain and suffering in the past;
b)  Pain and suffering in the future;
c)  Mental anguish in the past;
d)  Mental anguish in the future;
e)  Past medical expenses;
f)  Future medical expenses;
g)  Physical impairment in the past;
h)  Physical impairment in the future;
i)  Physical disfigurement in the past;

j) Physical disfigurement in the future;
k) Pre judgment interest;
l) Post judgment interest;
m) Exemplary damages;
n) Loss of past wages;
o) Loss of future wages; and
p) Loss of wage earning capacity

Respectfully submitted,

SANDOVAL | JAMES, PLLC

By: _____
Benedict "Ben" James
Texas Bar No.: 24058518
Benedict.James@sj-lawfirm.com
Eric A. Wolfe
Texas Bar No.: 24061056
Eric.Wolfe@sj-lawfirm.com
Esteban Sandoval
Texas Bar No.: 24083789
Esteban.Sandoval@sj-lawfirm.com
4807 Spicewood Spring Road,
Bldg 2, Suite 100
Austin, TX 78759
Tel.: (512) 382-7707
Fax: (512) 382-6646
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the forgoing document is being served upon Defendants Amazon.com, Inc. and Amazon Logistics, Inc.'s attorneys of record on this 13th day of April, 2022, in accordance with the Texas Rules of Civil Procedure.

***Via E-Service: efile@ramonworthington.com***
Sofia Ramon
Dan K. Worthington
RAMON WORTHINGTON NICOLAS & CANTU, PLLC
1506 S. Lone Star Way, Suite 5
Edinburg, TX 78539

And

Sarah A. Nicolas
Stephen W. Bosky
RAMON WORTHINGTON NICOLAS & CANTU, PLLC
13412 Galleria Circle, Suite 120
Bee Cave, TX 78738
*Attorneys for Amazon.com, Inc. and Amazon Logistics, Inc.*

***Via E-Service: ryan.jones@squirepb.com***
Ryan S. Jones
SQUIRE PATTON BOGGS (US) LLP
2000 McKinney Ave, Suite 1600
Dallas, Texas 75201
*Attorney for Mercedes-Benz USA, LLC ("MBUSA")*

_____
Eric A. Wolfe

# EXHIBIT 1-J

3/14/2022 9:47 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-000784
Gilberto Diaz Rios

## CAUSE NO. D-1-GN-22-000784

| | | |
|---|---|---|
| SAMUEL COBAYASHI, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AMAZON.COM, INC., AMAZON | § | 345th JUDICIAL DISTRICT |
| LOGISTICS, INC., K.O. DELIVERY | § | |
| & LOGISTICS LLC, MERCEDES-BENZ | § | |
| USA, LLC, DAIMLER VANS USA LLC, | § | |
| AND MERCEDES BENZ GROUP AG, | § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

### DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S
### FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Defendants **AMAZON, COM, INC. AND AMAZON LOGISTICS, INC.**

("Defendants") and file this their Answer and would show the Court as follows:

### I.
### GENERAL DENIAL

1.      Reserving the right to file other further pleadings, exceptions and/or denials, Defendants generally deny each and every material allegation contained in Plaintiff's First Amended Petition and demand strict proof thereof in accordance with the law and the Texas Rules of Civil Procedure.

### II.
### SPECIAL EXCEPTIONS

2.      Defendants specially except to Plaintiff's First Amended Petition in that it includes a boilerplate assertion that pursuant to TRCP193.7, any and all documents produced "by the Defendants" may be used against the Defendants at pretrial proceeding and/or trial of this matter without the necessity of authenticating the documents.  The effort to use this rule as a catchall for all documents from any Defendant prior to the service of discovery or any response is overly broad,

misplaced and contradictory to the purpose and intent of Rule 193.7.  Defendants request that Plaintiff be required to identify those documents to which this notice applies after such documents have been requested and produced by these specific Defendants.

3.      Defendants specially except to paragraphs 12 through 14 of Plaintiff's First Amended Petition in that Plaintiff jointly asserts causes of action for "negligence, negligence per se, gross negligence or malice" equally without making any distinction and without specifying the alleged individual acts of negligence and/or gross negligence by each defendant. Plaintiff fails to articulate the acts or omissions on the part of these specific Defendants which support the causes of action pled against them. Texas Rules of Civil Procedure 45 and 47 require that a petition give fair notice of the plaintiff's claim. Absent a basic factual basis, Defendants are not provided with fair notice of the claims so as to allow Defendants the reasonable opportunity to prepare a defense. Defendants respectfully request the Court sustain this special exception, and require that Plaintiff amend his petition to cure this defect.

### III.
### DEFENSES

4.      Defendants invoke the provisions of Section 41.0105 of the Civil Practice & Remedies Code which limits the Plaintiff's recovery and admissibility of medical healthcare expenses incurred to the amount actually paid or incurred by or on behalf of the Plaintiff.

5.      Pleading further and in the alternative, Defendants assert that Plaintiff must comply with Texas Civil Practice and Remedies Code §18.091, which requires a plaintiff who seeks loss of earnings and loss of earning capacity, to provide evidence in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law.

6.      Pleading further and in the alternative, Defendants invoke the doctrine of comparative responsibility pursuant to the provisions of Texas Civil Practice & Remedies Code Section 33.001.

7.      Upon submission of this case to a fact-finder, Defendants are entitled to a submission of the percentage of responsibility, if any, of Plaintiff and/or other parties for the damages claimed and a reduction of the percentage of responsibility found against the Plaintiff and/or other parties, if any.

8.      Pleading further, Defendants deny that an employment relationship existed between Defendants and Plaintiff or that Plaintiff was acting in the course and scope of his employment with Defendants at the time of the accident made the basis of this lawsuit.

9.      For further answer, if such be necessary, and pleading in the alternative, Defendants plead by way of affirmative defenses, acts of third persons, factors, instrumentalities, circumstances and conditions over which these Defendants had no control and are not responsible.

10,     Pleading further and in the alternative, should same be necessary, Defendants assert new and independent, intervening and/or superseding causes beyond the control of and unrelated to any conduct of Defendants.

11.     Pleading further and in the alternative, should same be necessary, Defendants specifically deny that any act or omission on their part constitutes gross negligence. Defendants further state any award for exemplary damages is governed by Texas Civil Practice and Remedies Code §41.001, et. seq., and subject to the statutory limit set forth therein. Further, unless Plaintiff proves Defendants' liability for exemplary damages, and the amount of exemplary damages, if any, by clear and convincing evidence, any award of exemplary damages would violate

Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**IV.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants **AMAZON.COM, INC., AND AMAZON LOGISTICS, INC.,** request judgment of the Court, that Plaintiff take nothing by this suit, and that Defendants be awarded costs and such other and further relief to which they may be justly entitled.

**RAMÓN WORTHINGTON**
**NICOLAS & CANTU, PLLC**

By:      */s/ Sofia A. Ramón*
Sofia A. Ramón
State Bar No. 00784811
sramon@ramonworthington.com
Dan K. Worthington
State Bar No. 00785282
dworthington@ramonworthington.com
1506 S. Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800 – Phone

Sarah A. Nicolas
State Bar No. 24013543
snicolas@ramonworthington.com
Stephen W. Bosky
State Bar No. 24087190
sbosky@ramonworthington.com
13413 Galleria Circle, Suite 120
Bee Cave, Texas 78738
(512) 643-6005 – Phone

Electronic Service to:
efile@ramonworthington.com

**ATTORNEYS FOR DEFENDANTS,**
**AMAZON, COM, INC. AND AMAZON**
**LOGISTICS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 14, 2022, a true and correct copy of the foregoing document was served via e-FileTexas.gov to the following:

Benedict "Ben" James
Texas Bar No.: 24058518
Benedict.James@sj-lawfirm.com
Eric A. Wolfe
Texas Bar No.: 24061056
Eric.Wolfe@sj-lawfirm.com
Esteban Sandoval
Texas Bar No.: 24083789
Esteban.Sandoval@sj-lawfirm.com
SANDOVAL | JAMES, PLLC
4807 Spicewood Spring Road, Bldg 2, Suite 100
Austin, Texas 78759
Tel.: (512) 382-7707
Fax: (512) 382-6646

*/s/ Sofia A. Ramón*
Sofia A. Ramón

# EXHIBIT 1-K

## Cause No. D-1-GN-22-000784

| | | |
|---|---|---|
| Samuel Cobayashi, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| Amazon.com, Inc., Amazon Logistics, | § | 345TH JUDICIAL DISTRICT |
| Inc., K.O. Delivery & Logistics LLC and | § | |
| Mercedes-Benz USA, LLC | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | TRAVIS COUNTY, TEXAS |

## DEFENDANT MERCEDES-BENZ USA, LLC'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Mercedes-Benz USA, LLC ("MBUSA") files its Original Answer to Plaintiff's

Original Petition ("Plaintiff's Petition"), and would respectfully show as follows:

### I.
### GENERAL DENIAL

MBUSA denies each and every material allegation contained in Plaintiff's Petition,

demands strict proof thereof, and to the extent that such matters are questions of fact, demands

Plaintiff prove such facts by a preponderance of the evidence to a jury to the extent possible.

### II.
### AFFIRMATIVE DEFENSES

### FAILURE TO STATE A CAUSE OF ACTION

Pleading further, and by way of affirmative defense, Plaintiff's Petition fails to state facts

sufficient to constitute a cause of action upon which relief may be granted against MBUSA.

MBUSA will rely on all available affirmative defenses under Chapter 82 of the Texas Civil

Practice and Remedies Code, specifically including but not limited to 82.008 and 82.003.

## PLAINTIFF'S NEGLIGENCE

Pleading further, and by way of affirmative defense, MBUSA says that Plaintiff Samuel Cobayashi may have failed to use that degree of care and caution as would have been used by a reasonably prudent person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause the alleged damages or injuries. Such acts or omissions of Plaintiff and/or other circumstances were the sole and/or producing and/or proximate cause of the alleged damages or injuries.

## NEGLIGENCE OF THIRD PARTIES

Pleading further, and by way of affirmative defense, MBUSA says that third parties over whom MBUSA has no control failed to use that degree of care and caution as would have been used by a reasonably prudent person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's damages or injuries.  Such acts, omissions or products of other third parties were the sole and/or producing and/or proximate cause of Plaintiff's damages or injuries.

## MISUSE OF PRODUCT AND FAILURE TO FOLLOW INSTRUCTIONS

Pleading further and by way of affirmative defense, MBUSA says that on information and belief, prior to and at the time of the alleged damages, the subject product was being misused, abused, and not used in the manner and for the purpose for which it was intended to be used.  Such unintended, unreasonable and/or unauthorized use, misuse, abuse, and failure to follow instructions proximately caused and contributed to the injuries and damages complained of by Plaintiff, if any there were.

## MODIFICATION AND ALTERATION OF PRODUCT

Pleading further and by way of affirmative defense, MBUSA says this answering Defendant is informed and believes, and on that basis alleges, that any defect that Plaintiff alleges contributed to Plaintiff's injury, loss, or damage, if any, was not present at the time the product left the possession, custody, or control of MBUSA but rather arose, and was brought about, if at all, subsequent thereto.

## SUPERSEDING CAUSE

Pleading further and by way of affirmative defense, MBUSA says if MBUSA is found in some way responsible for the occurrence alleged in Plaintiff's Petition, and if its responsibility is found to be a substantial factor in causing Plaintiff's alleged injuries, damage or loss, MBUSA is relieved of liability because of the superseding acts of persons or entities for whom MBUSA is not responsible.

## FAILURE TO FOLLOW WARNINGS

Pleading further, and by way of affirmative defense, on information and belief, Plaintiff Samuel Cobayashi was advised, informed, and warned of any potential hazards and/or dangers, if any there were, associated with the normal or foreseeable use of the product described in Plaintiff's Petition, and Plaintiff failed to follow such warnings.

## COMPLIANCE WITH GOVERNMENT STANDARDS AND MORE

The subject vehicle complied with or exceeded all applicable Federal Motor Vehicle Safety Standards and all other mandatory standards or regulation adopted or promulgated by the Federal Government or an agency of the Federal Government at the time it left the custody and control of MBUSA.  Accordingly, Plaintiff's claims may be barred in whole or in part pursuant to Texas

Civil Practice and Remedies Code Section 82.008.

The subject vehicle and/or component parts at issue, if any, were designed, manufactured, assembled, tested, and sold in accordance with existing standards, regulations, statutes, and the state of the art existing at the time of said activities and the products and/or components were neither defective nor unreasonably dangerous at the time they left the control of MBUSA or any affiliate.

Pleading further and by way of affirmative defense, MBUSA states that because the subject vehicle complied with all applicable FMVSS, Plaintiff's claims may be barred in whole or in part by the doctrine of federal preemption.

## SPOLIATION

Pleading further and by way of affirmative defense, MBUSA is entitled to a spoliation presumption and/or jury instruction to the extent Plaintiff has failed to preserve the subject vehicle in its post-accident condition. To the extent the subject vehicle was not preserved, Plaintiff breached his duty, and the spoliation prejudiced MBUSA.

## MITIGATION OF DAMAGES

Pleading further and by way of affirmative defense, MBUSA states that Plaintiff may have failed to mitigate damages and is thus barred from recovering any damages that could have been avoided by reasonable mitigation efforts.

## RESERVATION OF DEFENSES

Pleading further and by way of affirmative defense, MBUSA says it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, affirmative defenses available, and MBUSA reserves the right to assert such additional defenses in the event discovery, investigation or analysis indicates they are proper.

**III.**
**DEMAND FOR CREDITS**

Pleading further, MBUSA states that in the unlikely event that an adverse judgment would be rendered against it, MBUSA would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practices and Remedies Code and under Texas law.

Pleading further, MBUSA states that in the unlikely event Plaintiff recovers any damages for past medical expenses from MBUSA in this case, Plaintiff's recovery of past medical expenses should be limited to those amounts actually paid or incurred by or on behalf of Plaintiff pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code and under Texas law.

**IV.**
**JURY DEMAND**

MBUSA respectfully demands a jury for the trial of this matter.

**V.**
**COURT REPORTER**

MBUSA respectfully demands a court reporter be present at all proceedings before the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Mercedes-Benz USA, LLC respectfully prays that Plaintiff takes nothing by this cause of action, that MBUSA be permitted to recover its costs on its behalf expended, for judgment in favor of MBUSA against Plaintiff, and for such other and further relief to which MBUSA may show itself justly entitled to, in law or in equity.

Respectfully submitted,


*/s/ Ryan S. Jones*
**RYAN S. JONES**
State Bar No. 24094343
ryan.jones@squirepb.com
**SQUIRE PATTON BOGGS (US) LLP**
2000 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550

**ATTORNEY FOR DEFENDANT
MERCEDES-BENZ USA, LLC**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel, in accordance with the Texas Rules of Civil Procedure on this 28th of March 2022.


*/s/ Ryan S. Jones*

# EXHIBIT 1-L

## Cause No. D-1-GN-22-000784

| | | |
|---|---|---|
| Samuel Cobayashi, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| Amazon.com, Inc., Amazon Logistics, | § | 345TH JUDICIAL DISTRICT |
| Inc., K.O. Delivery & Logistics LLC and | § | |
| Mercedes-Benz USA, LLC, Daimler Vans | § | |
| USA LLC, Mercedes Benz Group AG, | § | |
| and Gelco Fleet Trust, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | TRAVIS COUNTY, TEXAS |

## DEFENDANT DAIMLER VANS USA, LLC'S
## ORIGINAL ANSWER TO PLAINTIFF'S THIRD AMENDED PETITION

Defendant Daimler Vans USA, LLC ("DVUSA") files its Original Answer to Plaintiff's Third Amended Petition ("Plaintiff's Petition"), and would respectfully show as follows:

### I.
### GENERAL DENIAL

DVUSA denies each and every material allegation contained in Plaintiff's Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, demands Plaintiff prove such facts by a preponderance of the evidence to a jury to the extent possible.

### II.
### AFFIRMATIVE DEFENSES

### FAILURE TO STATE A CAUSE OF ACTION

Pleading further, and by way of affirmative defense, Plaintiff's Petition fails to state facts sufficient to constitute a cause of action upon which relief may be granted against DVUSA. DVUSA will rely on all available affirmative defenses under Chapter 82 of the Texas Civil Practice and Remedies Code, specifically including but not limited to 82.008 and 82.003.

## PLAINTIFF'S NEGLIGENCE

Pleading further, and by way of affirmative defense, DVUSA says that Plaintiff Samuel Cobayashi may have failed to use that degree of care and caution as would have been used by a reasonably prudent person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause the alleged damages or injuries. Such acts or omissions of Plaintiff and/or other circumstances were the sole and/or producing and/or proximate cause of the alleged damages or injuries.

## NEGLIGENCE OF THIRD PARTIES

Pleading further, and by way of affirmative defense, DVUSA says that third parties over whom DVUSA has no control failed to use that degree of care and caution as would have been used by a reasonably prudent person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's damages or injuries.  Such acts, omissions or products of other third parties were the sole and/or producing and/or proximate cause of Plaintiff's damages or injuries.

## MISUSE OF PRODUCT AND FAILURE TO FOLLOW INSTRUCTIONS

Pleading further and by way of affirmative defense, DVUSA says that on information and belief, prior to and at the time of the alleged damages, the subject product was being misused, abused, and not used in the manner and for the purpose for which it was intended to be used.  Such unintended, unreasonable and/or unauthorized use, misuse, abuse, and failure to follow instructions proximately caused and contributed to the injuries and damages complained of by Plaintiff, if any there were.

## MODIFICATION AND ALTERATION OF PRODUCT

Pleading further and by way of affirmative defense, DVUSA says this answering Defendant is informed and believes, and on that basis alleges, that any defect that Plaintiff alleges contributed to Plaintiff's injury, loss, or damage, if any, was not present at the time the product left the possession, custody, or control of DVUSA but rather arose, and was brought about, if at all, subsequent thereto.

## SUPERSEDING CAUSE

Pleading further and by way of affirmative defense, DVUSA says if DVUSA is found in some way responsible for the occurrence alleged in Plaintiff's Petition, and if its responsibility is found to be a substantial factor in causing Plaintiff's alleged injuries, damage or loss, DVUSA is relieved of liability because of the superseding acts of persons or entities for whom DVUSA is not responsible.

## FAILURE TO FOLLOW WARNINGS

Pleading further, and by way of affirmative defense, on information and belief, Plaintiff Samuel Cobayashi was advised, informed, and warned of any potential hazards and/or dangers, if any there were, associated with the normal or foreseeable use of the product described in Plaintiff's Petition, and Plaintiff failed to follow such warnings.

## COMPLIANCE WITH GOVERNMENT STANDARDS AND MORE

The subject vehicle complied with or exceeded all applicable Federal Motor Vehicle Safety Standards and all other mandatory standards or regulation adopted or promulgated by the Federal Government or an agency of the Federal Government at the time it left the custody and control of DVUSA. Accordingly, Plaintiff's claims may be barred in whole or in part pursuant to Texas Civil Practice and Remedies Code Section 82.008.

The subject vehicle and/or component parts at issue, if any, were designed, manufactured, assembled, tested, and sold in accordance with existing standards, regulations, statutes, and the state of the art existing at the time of said activities and the products and/or components were neither defective nor unreasonably dangerous at the time they left the control of DVUSA or any affiliate.

Pleading further and by way of affirmative defense, DVUSA states that because the subject vehicle complied with all applicable FMVSS, Plaintiff's claims may be barred in whole or in part by the doctrine of federal preemption.

## SPOLIATION

Pleading further and by way of affirmative defense, DVUSA is entitled to a spoliation presumption and/or jury instruction to the extent Plaintiff has failed to preserve the subject vehicle in its post-accident condition. To the extent the subject vehicle was not preserved, Plaintiff breached his duty, and the spoliation prejudiced DVUSA.

## MITIGATION OF DAMAGES

Pleading further and by way of affirmative defense, DVUSA states that Plaintiff may have failed to mitigate damages and is thus barred from recovering any damages that could have been avoided by reasonable mitigation efforts.

## PUNITIVE DAMAGES

Pleading further, DVUSA pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and similar provisions of the Texas Constitution. Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment,

denies DVUSA equal protection of the law under the Fourteenth Amendment, and violates the due process clause of the Fifth and Fourteenth Amendments. DVUSA pleads that any claim by Plaintiff for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above.

Pleading further, DVUSA would show that the imposition of punitive damages sought by Plaintiff violates DVUSA's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, to due course of law and equal protection under Article 1, sections 3 and 19 of the Texas Constitution, and the prohibition against excessive fines in Article 1, section 13 of the Texas Constitution, in that:

a.  Texas law and the Texas punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Texas law and the Texas punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

b.  DVUSA had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject DVUSA to punitive damages or as to the potential amount of such an award.

c.  Under Texas law and the Texas punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

d.  Under Texas law and the Texas punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant.

e.  No provision of Texas law or the Texas punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1

(1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

f.   Texas law and the Texas punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

g.   Texas law and the Texas punitive damage scheme do not provide for adequate appellate review of punitive damage awards or the amount thereof, and do not provide objective standards for such review. Those inadequacies are compounded by the constraints upon review of such awards by the Texas Supreme Court, including Article 5, section 6 of the Texas Constitution and § 22.225 of the Texas Government Code.

h.   In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive damage scheme, including sections 41.001 through 41.013 of the Texas Civil Practice & Remedies Code, place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

i.   Under Texas law and the Texas punitive damage scheme, there is no limit on the number of times DVUSA could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

Pleading further, DVUSA would show that the net effect of Texas' punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review and undue emphasis on defendant's wealth inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the federal and state (U.S. Const. Amend 14; Texas Const. Art. 1, § 3) constitutional mandate for equal protection are violated. Insofar as the lodestone of the Texas punitive damage system is in the depth of the defendant(s)' pockets, that invidious discrimination is itself an affront to the federal and state constitutions' equal protection mandates.

Pleading further, DVUSA would show that insofar as the punitive damage award sought by Plaintiff seek to impose punitive damages under Texas law for conduct in other states, the award violates:

    a. DVUSA's rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and Article 1, section 19 of the Texas Constitution;

    b. The dormant or negative commerce clause derived from Article 1, section 8, clause 3 of the United States Constitution;

    c. The Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution;

    d. The requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and

    e. The prohibition against excessive fines in Article 1, section 13 of the Texas Constitution.

## RESERVATION OF DEFENSES

Pleading further and by way of affirmative defense, DVUSA says it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, affirmative defenses available, and DVUSA reserves the right to assert such additional defenses in the event discovery, investigation or analysis indicates they are proper.

## III.
## DEMAND FOR CREDITS

Pleading further, DVUSA states that in the unlikely event that an adverse judgment would be rendered against it, DVUSA would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practices and Remedies Code and under Texas law.

Pleading further, DVUSA states that in the unlikely event Plaintiff recovers any damages for past medical expenses from DVUSA in this case, Plaintiff's recovery of past medical expenses should be limited to those amounts actually paid or incurred by or on behalf of Plaintiff pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code and under Texas law.

## IV.
## JURY DEMAND

DVUSA respectfully demands a jury for the trial of this matter.

## V.
## COURT REPORTER

DVUSA respectfully demands a court reporter be present at all proceedings before the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Daimler Vans USA, LLC respectfully prays that Plaintiff takes nothing by this cause of action, that DVUSA be permitted to recover its costs on its behalf expended, for judgment in favor of DVUSA against Plaintiff, and for such other and further relief to which DVUSA may show itself justly entitled to, in law or in equity.

Respectfully submitted,

/s/ *Ryan S. Jones*

**RYAN S. JONES**
State Bar No. 24094343
ryan.jones@squirepb.com
**SQUIRE PATTON BOGGS (US) LLP**
2000 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550

**ATTORNEY FOR DEFENDANT**
**DAIMLER VANS USA, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel, in accordance with the Texas Rules of Civil Procedure on this 2nd of May 2022.

/s/ *Ryan S. Jones*

# EXHIBIT 1-M

## Cause No. D-1-GN-22-000784

| | | |
|---|---|---|
| Samuel Cobayashi, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| Amazon.com, Inc., Amazon Logistics, | § | 345TH JUDICIAL DISTRICT |
| Inc., K.O. Delivery & Logistics LLC and | § | |
| Mercedes-Benz USA, LLC, Daimler Vans | § | |
| USA LLC, Mercedes Benz Group AG, | § | |
| and Gelco Fleet Trust, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | TRAVIS COUNTY, TEXAS |

## DEFENDANT MERCEDES-BENZ USA, LLC'S
## ORIGINAL ANSWER TO PLAINTIFF'S THIRD AMENDED PETITION

Defendant Mercedes-Benz USA, LLC ("MBUSA") files its Original Answer to Plaintiff's

Third Amended Petition ("Plaintiff's Petition"), and would respectfully show as follows:

## I.
## GENERAL DENIAL

MBUSA denies each and every material allegation contained in Plaintiff's Petition,

demands strict proof thereof, and to the extent that such matters are questions of fact, demands

Plaintiff prove such facts by a preponderance of the evidence to a jury to the extent possible.

## II.
## AFFIRMATIVE DEFENSES

## FAILURE TO STATE A CAUSE OF ACTION

Pleading further, and by way of affirmative defense, Plaintiff's Petition fails to state facts

sufficient to constitute a cause of action upon which relief may be granted against MBUSA.

MBUSA will rely on all available affirmative defenses under Chapter 82 of the Texas Civil

Practice and Remedies Code, specifically including but not limited to 82.008 and 82.003.

## PLAINTIFF'S NEGLIGENCE

Pleading further, and by way of affirmative defense, MBUSA says that Plaintiff Samuel Cobayashi may have failed to use that degree of care and caution as would have been used by a reasonably prudent person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause the alleged damages or injuries. Such acts or omissions of Plaintiff and/or other circumstances were the sole and/or producing and/or proximate cause of the alleged damages or injuries.

## NEGLIGENCE OF THIRD PARTIES

Pleading further, and by way of affirmative defense, MBUSA says that third parties over whom MBUSA has no control failed to use that degree of care and caution as would have been used by a reasonably prudent person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's damages or injuries.  Such acts, omissions or products of other third parties were the sole and/or producing and/or proximate cause of Plaintiff's damages or injuries.

## MISUSE OF PRODUCT AND FAILURE TO FOLLOW INSTRUCTIONS

Pleading further and by way of affirmative defense, MBUSA says that on information and belief, prior to and at the time of the alleged damages, the subject product was being misused, abused, and not used in the manner and for the purpose for which it was intended to be used.  Such unintended, unreasonable and/or unauthorized use, misuse, abuse, and failure to follow instructions proximately caused and contributed to the injuries and damages complained of by Plaintiff, if any there were.

## MODIFICATION AND ALTERATION OF PRODUCT

Pleading further and by way of affirmative defense, MBUSA says this answering Defendant is informed and believes, and on that basis alleges, that any defect that Plaintiff alleges contributed to Plaintiff's injury, loss, or damage, if any, was not present at the time the product left the possession, custody, or control of MBUSA but rather arose, and was brought about, if at all, subsequent thereto.

## SUPERSEDING CAUSE

Pleading further and by way of affirmative defense, MBUSA says if MBUSA is found in some way responsible for the occurrence alleged in Plaintiff's Petition, and if its responsibility is found to be a substantial factor in causing Plaintiff's alleged injuries, damage or loss, MBUSA is relieved of liability because of the superseding acts of persons or entities for whom MBUSA is not responsible.

## FAILURE TO FOLLOW WARNINGS

Pleading further, and by way of affirmative defense, on information and belief, Plaintiff Samuel Cobayashi was advised, informed, and warned of any potential hazards and/or dangers, if any there were, associated with the normal or foreseeable use of the product described in Plaintiff's Petition, and Plaintiff failed to follow such warnings.

## COMPLIANCE WITH GOVERNMENT STANDARDS AND MORE

The subject vehicle complied with or exceeded all applicable Federal Motor Vehicle Safety Standards and all other mandatory standards or regulation adopted or promulgated by the Federal Government or an agency of the Federal Government at the time it left the custody and control of MBUSA. Accordingly, Plaintiff's claims may be barred in whole or in part pursuant to Texas Civil Practice and Remedies Code Section 82.008.

The subject vehicle and/or component parts at issue, if any, were designed, manufactured, assembled, tested, and sold in accordance with existing standards, regulations, statutes, and the state of the art existing at the time of said activities and the products and/or components were neither defective nor unreasonably dangerous at the time they left the control of MBUSA or any affiliate.

Pleading further and by way of affirmative defense, MBUSA states that because the subject vehicle complied with all applicable FMVSS, Plaintiff's claims may be barred in whole or in part by the doctrine of federal preemption.

## SPOLIATION

Pleading further and by way of affirmative defense, MBUSA is entitled to a spoliation presumption and/or jury instruction to the extent Plaintiff has failed to preserve the subject vehicle in its post-accident condition. To the extent the subject vehicle was not preserved, Plaintiff breached his duty, and the spoliation prejudiced MBUSA.

## MITIGATION OF DAMAGES

Pleading further and by way of affirmative defense, MBUSA states that Plaintiff may have failed to mitigate damages and is thus barred from recovering any damages that could have been avoided by reasonable mitigation efforts.

## PUNITIVE DAMAGES

Pleading further, MBUSA pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and similar provisions of the Texas Constitution. Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment,

denies MBUSA equal protection of the law under the Fourteenth Amendment, and violates the due process clause of the Fifth and Fourteenth Amendments. MBUSA pleads that any claim by Plaintiff for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above.

Pleading further, MBUSA would show that the imposition of punitive damages sought by Plaintiff violates MBUSA's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, to due course of law and equal protection under Article 1, sections 3 and 19 of the Texas Constitution, and the prohibition against excessive fines in Article 1, section 13 of the Texas Constitution, in that:

a. Texas law and the Texas punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Texas law and the Texas punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

b. MBUSA had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject MBUSA to punitive damages or as to the potential amount of such an award.

c. Under Texas law and the Texas punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

d. Under Texas law and the Texas punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant.

e. No provision of Texas law or the Texas punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1

(1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

f.  Texas law and the Texas punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

g.  Texas law and the Texas punitive damage scheme do not provide for adequate appellate review of punitive damage awards or the amount thereof, and do not provide objective standards for such review. Those inadequacies are compounded by the constraints upon review of such awards by the Texas Supreme Court, including Article 5, section 6 of the Texas Constitution and § 22.225 of the Texas Government Code.

h.  In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive damage scheme, including sections 41.001 through 41.013 of the Texas Civil Practice & Remedies Code, place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

i.  Under Texas law and the Texas punitive damage scheme, there is no limit on the number of times MBUSA could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

Pleading further, MBUSA would show that the net effect of Texas' punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review and undue emphasis on defendant's wealth inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the federal and state (U.S. Const. Amend 14; Texas Const. Art. 1, § 3) constitutional mandate for equal protection are violated. Insofar as the lodestone of the Texas punitive damage system is in the depth of the defendant(s)' pockets, that invidious discrimination is itself an affront to the federal and state constitutions' equal protection mandates.

Pleading further, MBUSA would show that insofar as the punitive damage award sought by Plaintiff seek to impose punitive damages under Texas law for conduct in other states, the award violates:

a. MBUSA's rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and Article 1, section 19 of the Texas Constitution;

b. The dormant or negative commerce clause derived from Article 1, section 8, clause 3 of the United States Constitution;

c. The Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution;

d. The requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and

e. The prohibition against excessive fines in Article 1, section 13 of the Texas Constitution.

## RESERVATION OF DEFENSES

Pleading further and by way of affirmative defense, MBUSA says it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, affirmative defenses available, and MBUSA reserves the right to assert such additional defenses in the event discovery, investigation or analysis indicates they are proper.

### III.
## DEMAND FOR CREDITS

Pleading further, MBUSA states that in the unlikely event that an adverse judgment would be rendered against it, MBUSA would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practices and Remedies Code and under Texas law.

Pleading further, MBUSA states that in the unlikely event Plaintiff recovers any damages for past medical expenses from MBUSA in this case, Plaintiff's recovery of past medical expenses should be limited to those amounts actually paid or incurred by or on behalf of Plaintiff pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code and under Texas law.

### IV.
## JURY DEMAND

MBUSA respectfully demands a jury for the trial of this matter.

**V.**
**COURT REPORTER**

MBUSA respectfully demands a court reporter be present at all proceedings before the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Mercedes-Benz USA, LLC respectfully prays that Plaintiff takes nothing by this cause of action, that MBUSA be permitted to recover its costs on its behalf expended, for judgment in favor of MBUSA against Plaintiff, and for such other and further relief to which MBUSA may show itself justly entitled to, in law or in equity.

Respectfully submitted,

/s/ *Ryan S. Jones*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@nelsonmullins.com
**TANYA B. SCARBROUGH**
State Bar No. 24049268
tanya.scarbrough@ nelsonmullins.com
**NELSON MULLINS**
**RILEY & SCARBOROUGH LLP**
5830 Granite Parkway, Suite 1000
Plano, TX 75024
Telephone:    972.616.1700
Facsimile:     972.616.1701

**RYAN S. JONES**
State Bar No. 24094343
ryan.jones@squirepb.com
**SQUIRE PATTON BOGGS (US) LLP**
2000 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550

**ATTORNEYS FOR DEFENDANT**
**MERCEDES-BENZ USA, LLC**

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel, in accordance with the Texas Rules of Civil Procedure on this 9th of May 2022.


      */s/ Ryan S. Jones*         

# EXHIBIT 1-N

CAUSE NO. D-1-GN-22-000784

| | | |
|---|---|---|
| SAMUEL COBAYASHI | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | |
| AMAZON.COM, INC.; AMAZON | § | 345TH JUDICIAL DISTRICT |
| LOGISTICS, INC.; K.O. DELIVERY | § | |
| & LOGISTICS LLC; MERCEDES-BENZ | § | |
| USA, LLC; DAIMLER VANS USA | § | |
| LLC; MERCEDES BENZ GROUP AG; | § | |
| AND GELCO FLEET TRUST | § | TRAVIS COUNTY, TEXAS |

## DEFENDANT K.O. DELIVERY & LOGISTICS LLC'S
## PLEA TO THE JURISDICTION AND
## ORIGINAL ANSWER SUBJECT THERETO

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES K.O. DELIVERY & LOGISTICS LLC, one of the defendants herein, and makes and files this, its Original Answer Subject to its plea to the jurisdiction, and in support thereof would respectfully show unto the Court the following:

## I.

## SPECIAL APPEARANCE/PLEA TO THE JURISDICTION

This Defendant specially appears herein and specifically pleads that this Court lacks subject matter jurisdiction of Plaintiff's claims and causes of action against this Defendant. It is undisputed that Plaintiff's suit arises out of a personal injury accident he sustained and that occurred while he was in the course and scope of his employment with this Defendant. It is further undisputed that Defendant had a worker's compensation insurance policy in place at that time and that Plaintiff collected workers compensation benefits. The Texas Workers Compensation Commission has exclusive jurisdiction of this matter, the Plaintiff's claims in this Court against this Defendant are barred by

statute, and this Court lacks subject matter jurisdiction. Defendant hereby specially appears to raise this jurisdictional issue and hereby moves for dismissal of this suit against this Defendant for lack of jurisdiction.

Subject to and without waiving this Plea, Defendant alternatively pleads as follows:

## II.

## GENERAL DENIAL

1.    Defendant invokes the provisions of TEX. R. CIV. P. 92, and does thereby exercise its legal right to enter a general denial.

## Claims Barred

2.    Plaintiff's claims against this Defendant are barred by workers compensation exclusive remedy under the Texas Labor Code and the common law doctrine of election of remedies.

## CONTRIBUTORY NEGLIGENCE

3.    The subject incident and Plaintiff's damages, if any, were proximately caused by Plaintiff.

## SOLE PROXIMATE CAUSE

4.    Defendant alleges that acts of third parties, beyond Defendant's control, constitute the sole proximate cause of any damages the Plaintiff has sustained.

## INTERVENING CAUSE

5.    Defendant alleges that acts of third parties, beyond Defendant's control, constitute an intervening and superseding cause of any damages the Plaintiff has sustained.

## DETERMINATION OF RESPONSIBILITY

6.      Defendant alleges that the trier of fact should determine the percentage of responsibility for causing or contributing to cause in any way the harm for which recovery of damages is sought for each defendant, settling person, and designated third party, under the Chapter 33 of the Texas Civil Practice and Remedies Code.

## CONTRIBUTION

7.      Defendant seeks contribution from each defendant and third party defendant to the extent that any acts or omissions of that party in violation of the applicable legal standard caused or contributed to cause any damages Plaintiff has sustained for which Defendant is held liable.

## OFFSET, CREDIT AND REDUCTION

8.      a.      In the highly unlikely and remote event that Plaintiff should recover any amount of money damages herein, Defendant affirmatively pleads as to medical expenses that Plaintiff's recovery is strictly limited to medical expenses actually paid or incurred by or on behalf of Plaintiff.

        b.      In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

        c.      Defendant specifically pleads for a dollar credit in an amount equal to all settlement payments made by other defendants and third parties.

## FAILURE TO MITIGATE

9.      If Plaintiff has health insurance and has failed to use health insurance to pay applicable medical bills, then Defendant affirmatively pleads that Plaintiff has failed to mitigate damages.

## JURY DEMAND

10.      Defendant demands trial by jury and hereby tenders the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Defendant K.O. DELIVERY & LOGISTICS LLC, prays that its Plea be sustained and this case be dismissed for lack of jurisdiction, and in the alternative, Plaintiff take nothing by his suit and that Defendant have judgment for costs of court and contribution, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

CHAMBERLAIN ♦ MCHANEY
301 Congress, 21st Floor
Austin, Texas 78701
(512) 474-9124
(512) 474-8582 FAX

By:_____
DAVID E. CHAMBERLAIN
State Bar No. 04059800
dchamberlain@chmc-law.com
SEAN B. SWORDS
State Bar No. 24102554
sswords@chmc-law.com

ATTORNEYS FOR DEFENDANT
K.O. DELIVERY & LOGISTICS LLC

## CERTIFICATE OF SERVICE

I certify by my signature above that a true and correct copy of the above and foregoing has been served on all attorneys of record as listed below on the 18th day of May, 2022:

Benedict James
Eric A. Wolfe
Esteban Sandoval
SANDOVAL JAMES, PLLC
4807 Spicewood Spring Road
Bldg. 2, Ste. 100
Austin, Texas 78759

Sofia A. Ramón
Dan K. Worthington
RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC
1506 S. Lone Star Way, Suite 5
Edinburg, Texas 78539

Sarah A. Nicolas
Stephen W. Bosky
RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC
13413 Galleria Circle, Suite 120
Bee Cave, Texas 78738

Ryan S. Jones
SQUIRE PATTON BOGGS LLP
2000 McKinney Avenue, Ste. 100
Dallas, Texas 75201

Kurt C. Kern
Tanya B. Scarbrough
NELSON MULLINS RILEY & SCARBOROUGH LLP
5830 Granite Parkway, Suite 1000
Plano, Texas 75024

# EXHIBIT 1-O

CAUSE NO. D-1-GN-22-000784

| | | |
|---|---|---|
| SAMUEL COBAYASHI | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | |
| AMAZON.COM, INC.; AMAZON | § | 345TH JUDICIAL DISTRICT |
| LOGISTICS, INC.; K.O. DELIVERY | § | |
| & LOGISTICS LLC; MERCEDES-BENZ | § | |
| USA, LLC; DAIMLER VANS USA | § | |
| LLC; MERCEDES BENZ GROUP AG; | § | |
| AND GELCO FLEET TRUST | § | TRAVIS COUNTY, TEXAS |

## DEFENDANT K.O. DELIVERY & LOGISTICS LLC'S AMENDED PLEA TO THE JURISDICTION AND ORIGINAL ANSWER SUBJECT THERETO

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES K.O. DELIVERY & LOGISTICS LLC, one of the defendants herein, and makes and files this, its Original Answer subject to its amended plea to the jurisdiction, and in support thereof would respectfully show unto the Court the following:

## I.

## PLEA TO THE JURISDICTION

This Defendant specifically pleads that this Court lacks subject matter jurisdiction of Plaintiff's claims and causes of action against this Defendant. It is undisputed that Plaintiff's suit arises out of a personal injury accident he sustained and that occurred while he was in the course and scope of his employment with this Defendant. It is further undisputed that Defendant had a workers compensation insurance policy in place at that time and that Plaintiff collected workers compensation benefits. The Texas Workers Compensation Commission has exclusive jurisdiction of this matter, the Plaintiff's claims in this Court against this Defendant are barred by statute, and this Court lacks subject

matter jurisdiction.  Defendant hereby appears to raise this jurisdictional issue and hereby moves for dismissal of this suit against this Defendant for lack of jurisdiction.

Subject to and without waiving this Plea, Defendant alternatively pleads as follows:

## II.

## GENERAL DENIAL

1.     Defendant invokes the provisions of TEX. R. CIV. P. 92, and does thereby exercise its legal right to enter a general denial.

## Claims Barred

2.     Plaintiff's claims against this Defendant are barred by workers compensation exclusive remedy under the Texas Labor Code and the common law doctrine of election of remedies.

## CONTRIBUTORY NEGLIGENCE

3.     The subject incident and Plaintiff's damages, if any, were proximately caused by Plaintiff.

## SOLE PROXIMATE CAUSE

4.     Defendant alleges that acts of third parties, beyond Defendant's control, constitute the sole proximate cause of any damages the Plaintiff has sustained.

## INTERVENING CAUSE

5.     Defendant alleges that acts of third parties, beyond Defendant's control, constitute an intervening and superseding cause of any damages the Plaintiff has sustained.

## **DETERMINATION OF RESPONSIBILITY**

6.      Defendant alleges that the trier of fact should determine the percentage of responsibility for causing or contributing to cause in any way the harm for which recovery of damages is sought for each defendant, settling person, and designated third party, under the Chapter 33 of the Texas Civil Practice and Remedies Code.

## **CONTRIBUTION**

7.      Defendant seeks contribution from each defendant and third party defendant to the extent that any acts or omissions of that party in violation of the applicable legal standard caused or contributed to cause any damages Plaintiff has sustained for which Defendant is held liable.

## **OFFSET, CREDIT AND REDUCTION**

8.      a.      In the highly unlikely and remote event that Plaintiff should recover any amount of money damages herein, Defendant affirmatively pleads as to medical expenses that Plaintiff's recovery is strictly limited to medical expenses actually paid or incurred by or on behalf of Plaintiff.

b.      In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

c.      Defendant specifically pleads for a dollar credit in an amount equal to all settlement payments made by other defendants and third parties.

## FAILURE TO MITIGATE

9.    If Plaintiff has health insurance and has failed to use health insurance to pay applicable medical bills, then Defendant affirmatively pleads that Plaintiff has failed to mitigate damages.

## JURY DEMAND

10.    Defendant demands trial by jury and hereby tenders the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Defendant K.O. DELIVERY & LOGISTICS LLC, prays that its plea be sustained and this case be dismissed for lack of jurisdiction, and in the alternative, Plaintiff take nothing by his suit and that Defendant have judgment for costs of court and contribution, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

CHAMBERLAIN ♦ MCHANEY
301 Congress, 21st Floor
Austin, Texas 78701
(512) 474-9124
(512) 474-8582 FAX

By:_____

DAVID E. CHAMBERLAIN
State Bar No. 04059800
dchamberlain@chmc-law.com
SEAN B. SWORDS
State Bar No. 24102554
sswords@chmc-law.com

ATTORNEYS FOR DEFENDANT
K.O. DELIVERY & LOGISTICS LLC

## CERTIFICATE OF SERVICE

I certify by my signature above that a true and correct copy of the above and foregoing has been served on all attorneys of record as listed below on the 19th day of May, 2022:

Benedict James
Eric A. Wolfe
Esteban Sandoval
SANDOVAL JAMES, PLLC
4807 Spicewood Spring Road
Bldg. 2, Ste. 100
Austin, Texas 78759

Sofia A. Ramón
Dan K. Worthington
RAMÓN WORTHINGTON  NICOLAS & CANTU, PLLC
1506 S. Lone Star Way, Suite 5
Edinburg, Texas 78539

Sarah A. Nicolas
Stephen W. Bosky
RAMÓN WORTHINGTON  NICOLAS & CANTU, PLLC
13413 Galleria Circle, Suite 120
Bee Cave, Texas 78738

Ryan S. Jones
SQUIRE PATTON BOGGS LLP
2000 McKinney Avenue, Ste. 100
Dallas, Texas 75201

Kurt C. Kern
Tanya B. Scarbrough
NELSON MULLINS RILEY & SCARBOROUGH LLP
5830 Granite Parkway, Suite 1000
Plano, Texas 75024

# EXHIBIT 1-P

345th District Court

## Case Summary

**Case No. D-1-GN-22-000784**

| | | | |
|---|---|---|---|
| SAMUEL COBAYASHI vs. AMAZON.COM INC,AMAZON LOGISTICS INC,K.O. DELIVERY AND LOGISTICS LLC | § § § | Location: Judicial Officer: Filed on: | **345th District Court** **345TH, DISTRICT COURT** **02/14/2022** |

---

### Case Information

| | |
|---|---|
| Case Type: | Product Liability - Other |
| Case Status: | **02/14/2022  Open** |

---

### Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | D-1-GN-22-000784 |
| Court | 345th District Court |
| Date Assigned | 02/14/2022 |
| Judicial Officer | 345TH, DISTRICT COURT |

---

### Party Information

| | | |
|---|---|---|
| **Plaintiff** | **COBAYASHI, SAMUEL** | **JAMES, BENEDICT VLADISLAV** *Retained* |
| | | **Wolfe, Eric Andre** *Retained* |
| **Defendant** | **AMAZON LOGISTICS INC** | **Ramon, Sofia Amabel** *Retained* |
| | **AMAZON.COM INC** | **Ramon, Sofia Amabel** *Retained* |
| | **DAIMLER VANS USA LLC** | |
| | **DAIMLER VANS USA LLC** | **JONES, RYAN SCOTT** *Retained* |
| | **GELCO FLEET TRUST** | |
| | **K.O. DELIVERY AND LOGISTICS LLC** | **CHAMBERLAIN, DAVID E.** *Retained* |
| | **MERCEDES BENZ GROUP AG** | |
| | **MERCEDES BENZ USA LLC** | **JONES, RYAN SCOTT** *Retained* |
| | | **Kern, Kurt C** *Retained* **Scarbrough, Tanya B.** *Retained* |

---

### Case Events

| | |
|---|---|
| 02/14/2022 | ORIGINAL PETITION/APPLICATION (OCA) *PLAINTIFF S ORIGINAL PETITION* Party:  Plaintiff COBAYASHI, SAMUEL |

## Case Summary

### Case No. D-1-GN-22-000784

| | | |
|---|---|---|
| 02/16/2022 | OTHER | |
| | *AFFIDAVIT IN SUPPORT OF PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER* | |

| | | |
|---|---|---|
| 02/17/2022 | EXECUTED SERVICE | |
| | *EXECUTED CITATION-AMAZON LOGISTICS INC* | |
| | Party:   Defendant AMAZON LOGISTICS INC | |

| | | |
|---|---|---|
| 02/17/2022 | EXECUTED SERVICE | |
| | *EXECUTED CITATION-AMAZON.COM INC* | |
| | Party:   Defendant AMAZON.COM INC | |

| | | |
|---|---|---|
| 02/17/2022 | EXECUTED SERVICE | |
| | *EXECUTED CITATION-K.O. DELIVERY & LOGISTICS LLC* | |
| | Party:   Defendant K.O. DELIVERY AND LOGISTICS LLC | |

| | | |
|---|---|---|
| 02/18/2022 | EXECUTED SERVICE | |
| | *EXECUTED SERVICE OF CITATION - MERCEDES-BENZ USA, LLC.* | |
| | Party:   Defendant MERCEDES BENZ USA LLC | |

| | | |
|---|---|---|
| 02/23/2022 | PLEADING | |
| | *PLAINTIFF'S FIRST AMENDED PETITION* | |
| | Party:   Plaintiff COBAYASHI, SAMUEL | |

| | | |
|---|---|---|
| 02/24/2022 | MOTION | |
| | *PLAINTIFFS MOTION TO APPOINT INTERNATIONAL PROCESS SERVER* | |
| | Party:   Plaintiff COBAYASHI, SAMUEL | |

| | | |
|---|---|---|
| 03/14/2022 | ANSWER | |
| | *DEFENDANTS ORIGINAL ANSWER TO PLAINTIFF S FIRST AMENDED PETITION* | |
| | Party:   Defendant AMAZON LOGISTICS INC; | |
| | Defendant AMAZON.COM INC | |

| | | |
|---|---|---|
| 03/28/2022 | ANSWER | |
| | *DEFENDANT MERCEDES-BENZ USA, LLC S ORIGINAL ANSWER TO PLAINTIFF S ORIGINAL PETITION* | |
| | Party:   Defendant MERCEDES BENZ USA LLC | |

| | | |
|---|---|---|
| 03/29/2022 | PLEADING | |
| | *PLAINTIFF'S SECOND AMENDED PETITION* | |
| | Party:   Plaintiff COBAYASHI, SAMUEL | |

| | | |
|---|---|---|
| 03/29/2022 | OTHER | |
| | *SERVICE REQUEST LETTER - DAIMLER VANS USA LLC* | |

| | | |
|---|---|---|
| 03/29/2022 | OTHER | |
| | *SERVICE REQUEST LETTER - GELCO FLEET TRUST* | |

| | | |
|---|---|---|
| 03/29/2022 | OTHER | |
| | *SERVICE REQUEST LETTER - MERCEDES BENZ GROUP AG* | |

| | | |
|---|---|---|
| 03/30/2022 | ORDER     (Judicial Officer: SOIFER, JAN) | |
| | *ORDER APPOINTING INTERNATIONAL PROCESS SERVER* | |

| | | |
|---|---|---|
| 04/07/2022 | EXECUTED SERVICE | |
| | *EXECUTED CITATION - GELCO FLEET TRUST* | |
| | Party:   Defendant GELCO FLEET TRUST | |

| | | |
|---|---|---|
| 04/12/2022 | EXECUTED SERVICE | |
| | *EXECUTED CITATION-DAIMLER VANS USA LLC* | |
| | Party:   Defendant DAIMLER VANS USA LLC | |

| | | |
|---|---|---|
| 04/13/2022 | PLEADING | |
| | *PLAINTIFF S THIRD AMENDED PETITION* | |
| | Party:   Plaintiff COBAYASHI, SAMUEL | |

| | | |
|---|---|---|
| 05/02/2022 | ANSWER | |
| | *DEFENDANT DAIMLER VANS USA, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S THIRD AMENDED PETITION* | |
| | Party:   Defendant DAIMLER VANS USA LLC | |

| | | |
|---|---|---|
| 05/09/2022 | ANSWER | |
| | *DEFENDANT MERCEDES-BENZ USA, LLC S ORIGINAL ANSWER TO PLAINTIFF S THIRD AMENDED PETITION* | |
| | Party:   Defendant MERCEDES BENZ USA LLC | |

## Case Summary

### Case No. D-1-GN-22-000784

05/13/2022   NOTICE
     *NOTICE OF APPEARANCE OF ADDITIONAL COUNSEL*
     Party:   Defendant MERCEDES BENZ USA LLC

05/13/2022   NOTICE
     *NOTICE OF APPEARANCE OF ADDITIONAL COUNSEL*
     Party:   Defendant MERCEDES BENZ USA LLC

05/18/2022
ANSWER
     *DEFENDANT K.O. DELIVERY & LOGISTICS LLC S PLEA TO THE JURISDICTION AND ORIGINAL ANSWER SUBJECT THERETO*
     Party:   Defendant K.O. DELIVERY AND LOGISTICS LLC

05/19/2022
ANSWER
     *DEFENDANT K.O. DELIVERY & LOGISTICS LLC S AMENDED PLEA TO THE JURISDICTION AND ORIGINAL ANSWER SUBJECT THERETO*

05/20/2022   OTHER
     *NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS*

05/20/2022
OTHER
     *NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS - AUSTIN TRAVIS CO. EMS (AMBULANCE RECORDS) ; SAN MARCOS HAYS COUNTY EMS (AMBULANCE RECORDS)*

06/13/2022
OTHER
     *PLAINTIFF S CERTIFICATE OF SERVING AFFIDAVITS AND ATTACHED RECORDS CONCERNING COSTS AND NECESSITY OF SERVICES*

---

## Service Events

---

02/16/2022   **Citation**
     AMAZON LOGISTICS INC
     Served: 02/16/2022

02/16/2022   **Citation**
     AMAZON.COM INC
     Served: 02/16/2022

02/16/2022   **Citation**
     K.O. DELIVERY AND LOGISTICS LLC
     Served: 02/16/2022

02/16/2022   **Citation**
     MERCEDES BENZ USA LLC
     Served: 02/18/2022

02/24/2022   **Citation**
     DAIMLER VANS USA LLC
     Unserved
     MERCEDES BENZ GROUP AG
     Unserved

03/31/2022   **Citation**
     MERCEDES BENZ GROUP AG
     Unserved

03/31/2022   **Citation**
     GELCO FLEET TRUST
     Unserved

03/31/2022   **Citation**
     DAIMLER VANS USA LLC
     Served: 04/08/2022