UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SAMUEL COBAYASHI,<br> *Plaintiff*<br><br> v.<br><br>AMAZON.COM INC., AMAZON LOGISTICS, INC., MERCEDES-BENZ USA, LLC, DAIMLER VANS USA, LLC, and MERCEDES BENZ GROUP AG,<br> *Defendants* | Case No. 1:22-CV-00595-DII |

## ORDER

Now before the Court are:

(1) Nonparty K.O. Delivery & Logistics, LLC's Objections and Opposed Motion to Modify Subpoena of Mercedes-Benz USA, LLC and Daimler Vans USA, LLC and Incorporated Brief, filed March 23, 2023 (Dkt. 51); Defendants Mercedes-Benz USA, LLC and Daimler Vans USA, LLC's Response, filed March 30, 2023 (Dkt. 57); and a Joint Advisory filed by order of the Court on April 21, 2023 (Dkt. 65);

(2) Alan Van Gelder's Motion for Admission *Pro Hac Vice* to represent Plaintiff Samuel Cobayashi, filed March 27, 2023 (Dkt. 52); Defendants Mercedes-Benz USA, LLC and Daimler Vans USA, LLC's Response in Opposition to Alan Van Gelder's Motion for Admission *Pro Hac Vice*, filed March 28, 2023 (Dkt. 54); Plaintiff's Reply, filed April 3, 2023 (Dkt. 58); and Defendants' Sur-reply, filed with leave of Court on April 11, 2023 (Dkt 62); and

(3) Plaintiff Samuel Cobayashi's First Motion to Compel Regarding Plaintiff's First Interrogatory and Request for Production to Defendants Mercedes-Benz USA, LLC and Daimler Vans USA, LLC, filed May 10, 2023 (Dkt. 70); and Defendants Mercedes-Benz USA, LLC and Daimler Vans USA, LLC's Response, filed May 17, 2023 (Dkt. 73).

1

The District Court referred the motions to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 53; Dkt. 55; Text Order entered May 11, 2023.

The Court held a hearing on the Motions to Modify and for Admission *Pro Hac Vice* on May 22, 2023. At the hearing, Nonparty K.O. Delivery & Logistics, LLC orally **WITHDREW** its Motion to Modify Subpoena. Accordingly, Nonparty K.O. Delivery & Logistics, LLC's Objections and Opposed Motion to Modify Subpoena of Mercedes-Benz USA, LLC and Daimler Vans USA, LLC and Incorporated Brief (Dkt. 51) is hereby **DISMISSED as moot**.

## I. Background

Plaintiff Samuel Cobayashi drove a 2019 Mercedes-Benz Sprinter van while delivering packages for Amazon. Dkt. 50 (Plaintiff's Fourth Amended Complaint) ¶¶ 13, 15. Cobayashi alleges that on January 10, 2022, after he parked and got out of the van, it rolled over his right foot, "causing the Plaintiff serious and permanent injuries, including a below the knee amputation of his right leg." *Id*. ¶¶ 13-14. Cobayashi alleges that there "have been numerous other substantially similar incidents" in which 2019 or later model Sprinter vans have rolled away while parked. *Id.* ¶ 62. He brings claims for product liability, negligence, and gross negligence against Defendants Mercedes-Benz USA, LLC and Daimler Vans USA, LLC (collectively, the "Mercedes Defendants"), Mercedes Benz Group AG, Amazon.com Inc., and Amazon Logistics, Inc.

## II. Motion for Admission *Pro Hac Vice*

Attorney Alan Van Gelder, admitted to practice in the United States District Court for the Central District of California, filed a motion for admission *pro hac vice* to represent Cobayashi on March 27, 2023. One month earlier, through counsel David T. Bright – one of the six attorneys

who have entered an appearance on Cobayashi's behalf – Cobayashi filed a motion for a protective order that would have permitted sharing confidential information produced in this case with parties and attorneys involved in other Sprinter rollaway litigation. Dkt. 41. This Court denied the motion on March 15, 2023, and instead entered the standard protective order for the Western District of Texas, which does not permit sharing confidential information with attorneys other than counsel retained in this litigation. Dkt. 47.

The Mercedes Defendants oppose Van Gelder's admission *pro hac vice*, contending that he "appears to have filed the Motion to circumvent the Confidentiality and Protective Order that the Court entered in this matter less than two weeks ago." Dkt. 54 at 1. They characterize the timing of Van Gelder's motion as "suspicious because it comes less than two weeks after" the Court denied entry of Cobayashi's proposed protective order. *Id.* at 2. Van Gelder is representing a different plaintiff in a separate California state court case involving the alleged rollaway of a 2019 Sprinter van,[1] and the Mercedes Defendants argue that the purpose of his motion for admission is "to obtain Confidential Information for use in the California matter." *Id.* at 3. They ask the Court to require Van Gelder "to provide evidence that he does not seek admission to the Western District of Texas *pro hac vice* to obtain Confidential Information for use in the California matter," such as a copy of his retention agreement with Plaintiff Cobayashi or "an affidavit attesting to the purpose of his representation." *Id.* The Mercedes Defendants also point out that Cobayashi counsel Bright simultaneously applied for admission *pro hac vice* in the California case. Dkt. 62.

In reply, Van Gelder states that he "is being retained in this case to assist the Plaintiff's team in preparing this complex product liability case for trial, not *merely* to share documents." Dkt. 58

---

[1] *Sinapopo v. Mercedes Benz USA LLC*, No. 21-CIV-03440 (Cal. Superior Ct. June 24, 2021).

at 3 (emphasis added). Given the similarities between Cobayashi's case and the California case, Van Gelder argues,

> it should naturally follow Mercedes-Benz USA, LLC and Daimler Vans USA, LLC will be producing the exact same documents pursuant to Federal Rule of Civil Procedure 26. If Mercedes-Benz USA, LLC and Daimler Vans USA, LLC properly disclose documents in both cases, the addition of Mr. Van Gelder is of little consequence to the protective order in the case.

Dkt. 58 at 2. The Mercedes Defendants disputed this conclusion at the oral hearing, arguing that plaintiffs in the two cases would not otherwise have access to the same documents.

The Fifth Circuit sets forth the following standard for denying an attorney pro hac vice admission to practice before a district court:

> An applicant for admission pro hac vice who is a member in good standing of a state bar may not be denied the privilege to appear except "on a showing that in any legal matter, whether before the particular district court or in another jurisdiction, he has been guilty of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the court."

*U.S. v. Nolen*, 472 F.3d 362, 374 (5th Cir. 2006) (quoting *In re Evans*, 524 F.2d 1004, 1007 (5th Cir. 1975)). Because the Mercedes Defendants have made no showing that Van Gelder has been guilty of unethical conduct, his Motion for Admission *Pro Hac Vice* to represent Plaintiff Samuel Cobayashi (Dkt. 52) is hereby **GRANTED**. The Court reminds Van Gelder of his sworn statement that he "has read and is familiar with the Local Rules of the Western District of Texas and will comply with the standards of practice set out therein." Dkt. 52 ¶ 7. The same is required of all counsel appearing in this Court.

### III.   Motion to Compel

As stated during the hearing, Cobayashi's motion to compel violates the Court's Local Rules in two ways. First, the motion is overlength, in that Cobayashi employs 41 single-spaced footnotes to circumvent the 10-page limit of Local Rule CV-7(c)(2). Second, the certificate of conference is

insufficient. Local Rule CV-7(g) requires movants to certify "the specific reason that no agreement could be made." Cobayashi fails to do so.

Cobayashi served on the Mercedes Defendants one interrogatory and one request for production, each with four parts comprising numerous subparts, seeking information from June 2018 to June 2023. In the interrogatory, Cobayashi asks the Mercedes Defendants to identify (a) all Sprinter rollaway incidents, and for such incidents, all (b) claims against any Mercedes or Amazon entities, (c) warranty claims, and (d) lawsuits. Dkt. 70-2 at 7. In the request for production, for all incidents identified in response to the interrogatory, Cobayashi seeks production of all (a) customer complaints, (b) incident reports, (c) warranty claims, and (d) court petitions or complaints. *Id.* at 8. Cobayashi defines the incidents as those in which "a 2019-Present (Third Generation) Mercedes-Benz Sprinter Van has begun to roll away after being placed in PARK, and without being intentionally placed into another gear." Dkt. 70-2 at 7.

Subject to numerous objections, the Mercedes Defendants agreed to produce:

> lawsuits and complaints in the United States against MBUSA in which it was alleged that a driver shifted the park pawl in a 2019-2021MY Mercedes-Benz Sprinter van (907) to the Park position and that the transmission did not properly function, resulting in a rollaway incident and personal injury to a vehicle occupant.

Dkt. 70-3 at 7, 14. Cobayashi moves the Court to overrule all of the Mercedes Defendants' objections to his discovery requests and order them to respond fully.

Because the parties represented that they continue to confer on the Motion to Compel, they have until **Tuesday, May 30, 2023** to file with the Court a Joint Advisory comprising:

1. A description detailing the parties' exhaustion of their efforts to resolve their dispute, including the specific dates, times, durations, and manners (e.g., in person or by telephone) of their conferences;
2. A certification of the specific reason that no agreement could be made; and
3. Each party's respective position on the issue(s) they cannot resolve without court intervention, supported by relevant authority.

## IV.    Conclusion

Nonparty K.O. Delivery & Logistics, LLC's Objections and Opposed Motion to Modify Subpoena of Mercedes-Benz USA, LLC and Daimler Vans USA, LLC and Incorporated Brief (Dkt. 51) is **DISMISSED AS MOOT**.

Alan Van Gelder's Motion for Admission *Pro Hac Vice* to represent Plaintiff Samuel Cobayashi (Dkt. 52) is **GRANTED**.

Plaintiff Samuel Cobayashi's First Motion to Compel Regarding Plaintiff's First Interrogatory and Request for Production to Defendants Mercedes-Benz USA, LLC and Daimler Vans USA, LLC (Dkt. 70) is **TAKEN UNDER ADVISEMENT** pending further briefing by the parties.

**SIGNED** on May 22, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE