# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **SAMUEL COBAYASHI,** *Plaintiff* § § § | |
| v. § § | **Case No. 1:22-CV-00595-ADA** |
| **AMAZON.COM INC., AMAZON LOGISTICS, INC., MERCEDES-BENZ USA, LLC, DAIMLER VANS USA, LLC, and MERCEDES BENZ GROUP AG,** *Defendants* § § § § § | |

## ORDER

Now before the Court are Plaintiff Samuel Cobayashi's First Motion to Compel Regarding Plaintiff's First Interrogatory and Request for Production to Defendants Mercedes-Benz USA, LLC and Daimler Vans USA, LLC, filed May 10, 2023 (Dkt. 70); Defendants Mercedes-Benz USA, LLC and Daimler Vans USA, LLC's Response, filed May 17, 2023 (Dkt. 73); and the parties' Joint Advisory to the Court Regarding Plaintiff Samuel Cobayashi's First Motion to Compel, filed May 30, 2023 (Dkt. 80). By Text Order entered May 11, 2023, the District Court referred the Motion to Compel to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). The Court held a hearing on the motion on May 22, 2023.

### I.   Background

Plaintiff Samuel Cobayashi drove a 2019 Mercedes-Benz Sprinter van while delivering packages for Amazon. Dkt. 50 (Plaintiff's Fourth Amended Complaint) ¶¶ 13, 15. Cobayashi alleges that on January 10, 2022, after he parked and got out of the van, it rolled over his right foot, "causing the Plaintiff serious and permanent injuries, including a below the knee amputation of

his right leg." *Id*. ¶¶ 13-14. Cobayashi alleges that there "have been numerous other substantially similar incidents" in which 2019-present model Sprinter vans have rolled away after being parked. *Id.* ¶ 62. He brings claims for product liability, negligence, and gross negligence against Defendants Mercedes-Benz USA, LLC and Daimler Vans USA, LLC (collectively, the "Mercedes Defendants"), Mercedes Benz Group AG, Amazon.com Inc., and Amazon Logistics, Inc.

## II.   Legal Standards

Under Rule 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). A discovery request is relevant when the request seeks admissible evidence or "is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)). A trial court enjoys wide discretion in determining the scope and effect of discovery. *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests on the party resisting discovery to substantiate its objections. *Lozano v. Baylor Univ.*, 339 F.R.D. 447, 450 (W.D. Tex. 2020).

### III.   Analysis

Cobayashi's motion to compel violates the Court's Local Rules in two ways. First, the motion is overlength, in that Cobayashi employs 41 single-spaced footnotes to circumvent the 10-page limit of Local Rule CV-7(c)(2). Second, the certificate of conference is insufficient. Local Rule CV-7(g) requires movants to certify "the specific reason that no agreement could be made." Cobayashi fails to do so. The Court proceeds to address the merits of the motion, but admonishes Cobayashi that the Court may deny motions that do not comply with the Local Rules.

Cobayashi served on the Mercedes Defendants one interrogatory and one request for production, each with four parts comprising numerous subparts, seeking information from June 2018 to June 2023. In the interrogatory, Cobayashi asks the Mercedes Defendants to identify (a) all Sprinter rollaway incidents, and for such incidents, all (b) claims against any Mercedes or Amazon entities, (c) warranty claims, and (d) lawsuits. Dkt. 70-2 at 7. In the request for production, for all incidents identified in response to the interrogatory, Cobayashi seeks production of all (a) customer complaints, (b) incident reports, (c) warranty claims, and (d) court petitions or complaints. *Id.* at 8. Cobayashi defines the incidents as those in which "a 2019-Present (Third Generation) Mercedes-Benz Sprinter Van has begun to roll away after being placed in PARK, and without being intentionally placed into another gear." *Id.* at 7. He explains that the requests pertain to a "single vehicle platform – the Third Generation of these vans – which has been the subject of a continuously widening pattern of rollaways and recalls." Dkt. 74 at 4.

Subject to numerous objections, the Mercedes Defendants agreed to produce:

> lawsuits and complaints in the United States against MBUSA in which it was alleged that a driver shifted the park pawl in a 2019-2021MY Mercedes-Benz Sprinter van (907) to the Park position and that the transmission did not properly function, resulting in a rollaway incident and personal injury to a vehicle occupant.

Dkt. 70-3 at 7, 14. In the Joint Advisory, the Mercedes Defendants state that they also have "agreed to produce other incidents consistent with this recall scope [from the 2019 to 2022 model years], received during the five-year period of June 2018 to June 2023, and have not conducted a search for incidents involving 2023 model year Sprinter vans." Dkt. 80 at 5-6. The Mercedes Defendants argue that production concerning other rollaway incidents "should encompass the scope of the alleged recalls, which spans from 2019 to 2022 model years." *Id.* at 5. In addition to excluding 2023 model year Sprinter vans, the Mercedes Defendants contend that discovery be restricted to incidents before January 10, 2022, the date of Plaintiff's accident, Dkt. 73 at 6 n.2; incidents for recalls related to "increased park pawl wear and the so-called park lock support (PLS) function," not where vans allegedly failed to engage in park or shifted from park to another gear such as neutral and rolled away, *id.* at 6; and incidents involving injury, *id*.

    Cobayashi disagrees with all of the proposed restrictions. He moves the Court to overrule all of the Mercedes Defendants' objections to his discovery requests and order them to respond fully. Cobayashi argues in reply that incidents related to 2019-Present (Third Generation) vans are relevant and discoverable, arguing that "it goes without saying that a vehicle need not be recalled to be defective." Dkt. 74 at 4. He contends that the requests "concern other similar incidents and allegations of other incidents in which these and substantially similar Mercedes Sprint vans have suffered from this same defect." Dkt. 80 at 3. Cobayashi also argues that the "similar incidents" for which discovery sought are appropriately limited to when a "Van has begun to roll away after being placed in PARK, and without being intentionally placed into another gear." *Id.* at 5. He contends that limiting discovery to incidents involving injury "is unjust because regardless of whether an injury occurred, it is the occurrence of the rollaway, after the van has been placed into PARK, that makes the incident discoverable." *Id.* Finally, Cobayashi argues that evidence of

similar events after his injury may be relevant to show a pattern. Dkt. 80 at 4 (citing *In re Hochheim Prairie Farm Mut. Ins. Ass'n*, 296 S.W.3d 907, 912 n.8 (Tex. App.—Corpus Christi 2009, no pet.).

Both parties rely on *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082 (5th Cir. 1986), a products liability action against the makers of a truck wheel rim in which the Fifth Circuit instructed: "Evidence of similar accidents occurring under substantially similar circumstances and involving substantially similar components may be probative of defect design."

The Court finds that Cobayashi's Motion to Compel should be granted. Cobayashi has shown that discovery into Sprinter rollaway incidents for the five-year period are relevant to his claims and may lead to the discovery of admissible evidence of substantially similar incidents. In his Complaint, Cobayashi alleges that there have been "numerous other substantially similar incidents" involving "2019-Present [Third Generation] Mercedes Sprinter vans." Dkt. 50 ¶ 62. The Court agrees with Cobayashi that rollaway incidents involving vans from the 2023 model year thus may be relevant to his claims and finds that the Mercedes Defendants have not substantiated their objection to producing evidence about vehicles not subject to recalls.

The Mercedes Defendants also contend that "[t]he scope of discovery into other incidents should be properly restricted to those involving similar vans, similar alleged product malfunction, and similar incident facts." Dkt. 73 at 4. But the cases on which they rely involve admissibility of evidence at trial, not discovery. *Brazos River Auth. v. GE Ionics*, 469 F.3d 416, 426 (5th Cir. 2006); *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993); *Knauff v. Dorel Juvenile Grp.*, No. SA:08-CV-336-XR, 2010 WL 114014, at *2 (W.D. Tex. Jan. 6, 2010). As stated above, a discovery request is relevant when it is reasonably calculated to lead to the discovery of admissible evidence, and information within the scope of discovery need not be admissible in evidence to be discoverable. FED. R. CIV. P. 26(b)(1).

## IV.   Conclusion

For these reasons, Plaintiff Samuel Cobayashi's First Motion to Compel Regarding Plaintiff's First Interrogatory and Request for Production to Defendants Mercedes-Benz USA, LLC and Daimler Vans USA (Dkt. 70) is **GRANTED**. The Mercedes Defendants' objections, other than those on the basis of privilege and the work product doctrine, are **OVERRULED** and they are **ORDERED** to serve amended responses to Plaintiff Samuel Cobayashi's First Interrogatory and Request for Production to Defendants Mercedes-Benz USA, LLC and Daimler Vans USA, LLC and produce responsive documents by **August 7, 2023**. The Mercedes Defendants are further **ORDERED** to comply with Rule 34(b)(2)(C) and state whether any responsive materials are being withheld on the basis of any objections.

The Court further **ORDERS** that any future discovery motions in this case must be filed **JOINTLY** by the relevant parties, no more than **10 pages** in length, and comprise:

1. A description detailing the parties' exhaustion of their efforts to resolve their dispute without motion practice, including the specific dates, times, durations, and manners (e.g., in person or by telephone) of their conferences;

2. A certification of the specific reason that no agreement could be made; and

3. Each party's respective position on the issue(s) they cannot resolve without court intervention, supported by relevant authority, with all citations in the text of the motion rather than footnotes.

**IT IS ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Alan Albright.

**SIGNED** on July 7, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE